ALBANY,
August, 1816,

WHITE
v.
SKINNER.

(a) See *Porter* v. *Lane*, 8 *Johns. Rep.* 357.

———

## WHITE AND OTHERS *against* SKINNER.

THIS was an action of covenant. The declaration set forth an agreement, under seal, dated the 25th of *April*, 1815, by which the plaintiffs covenanted to make and furnish, at the *Granville* cotton factory, a quantity of machinery, of a certain description, one half of which was to be delivered in *October*, 1815, and the other half on, or before, the 1st of *May*, 1816, and that the defendant, in and by the said agreement, covenanted to pay the plaintiffs for the said machinery 15,120 dollars, in various instalments; one of which, or 900 dollars, was to be paid on the 30th of *May*, another of 500 dollars on the 29th of *June*, and another of 500 dollars on the 29th of *July*, 1815; and breaches were assigned for the non-payment of these several instalments.

A person who seals a bond, as attorney for another, without authority, is personally liable, as if he had covenanted in his own name. Where the defendant to an action of covenant pleaded, that the plaintiffs, himself and others, were associated as co-partners under a certain firm, and that he with B and C. were appointed agents and directors for the company, and that he executed the agreement in his capacity of agent and director, and not otherwise, without averring or setting forth his authority, the plea, on demurrer, was held bad.

Where a person seals a deed, or executes a covenant, in behalf of others, he is bound to aver or set forth and prove the *authority*, under which he acted. It is not enough to crave *oyer* of, and set forth, the instrument executed by him, in his plea.

ALBANY,
August. 1816.

WHITE
v.
SKINNER.

The defendant craved *oyer* of the contract, which was set forth *in hæc verba*, by which it appeared to be an agreement between the plaintiffs of the one part, and *Reuben Skinner*, (the defendant,) *William Raymond*, jun., and *Abner Hitchcock*, as directors of the *Granville* cotton manufactory, of the other part, and by which the persons named, of the second part, engage, in behalf of the company, to pay to the plaintiffs the sums of money mentioned in the agreement; but the contract was signed and sealed by the defendant alone, in the following manner: "For the directors, *Reuben Skinner*, (L. S.)" The defendant then pleaded, 1. *Non est factum*: 2. A special plea in bar, that the plaintiffs, and several other persons, had previously associated themselves with the defendant, as copartners, under the firm of "The *Granville Cotton Manufacturing Company*," and had appointed the defendant president, and a director and agent, and *William Raymond*, jun., and *Abner P. Hitchcock*, directors and agents of the said company; and that the said agreement was executed by the defendant, in his capacity of director and agent for the said company, and not otherwise, or in any other capacity whatever; of which the plaintiffs had notice, &c.

To this second plea there was a demurrer and joinder in demurrer.

*Buel*, in support of the demurrer, contended, that the defendant having signed the agreement with his own name merely, and affixed a seal, it was his own act and deed. It is not enough to exempt him from a personal liability that he described himself in the deed as agent or attorney contracting in behalf of another.*

The defendant having craved *oyer*, and set forth the deed, it is part of his plea; and it appearing by the *oyer* that it was executed by the defendant himself, the plea is bad.† If an agent executes a deed for his principal, he ought to sign the name of the principal.‡

Again; a person who does an act in the name of another, without authority for the purpose, is personally responsible.§ Now, no authority is set out in the plea.

*Cowen* and *Skinner*, contra, contended, that the defendant was not bound to set out the power under which he acted, in his plea. The plea alleges the fact, that he acted merely as agent,

* 1 *Chitty's Pl.*
24. 3 *Johns. Cas.*
180. 2 *Caines'*
*Rep.*254 2 *Johns*
*Rep.* 213. 7 *Term*
*Rep.* 207.

† 1 *Saund.*316,
317. 1 *Chitty's*
*Pl.* 420.

‡ 6 *Term Rep.*
176. 9 *Co.* 76. b
2 *Lord Raym.*
1418. 1 *Str* 705.
3 *Fast*, 142

§ 3 *Johns Cas.*
70 180. 4 *Mass.*
*Rep.*595 9 *Johns*
*Rep* 334  3 *P.*
*Was* 279.   1
*Vonb. Equ.*296.b.
4 *Burr.* 2108.

and the demurrer admits the fact. Certainty to a common interest is sufficient, and it was not necessary to state the manner in which the defendant was constituted an agent. A bailiff, or servant, may plead that he acted in that capacity. This is a proper plea in bar.* If the defendant was agent for the whole firm, the plaintiffs are bound by his acts. They can never maintain any action against the defendant for this cause. In the case of *Hodgson* v. *Dexter*,† in the supreme court of the United States, the lease was signed and sealed by the defendant, in his own name merely, though in the body of the instrument he was described as secretary at war, and he covenanted for himself and his successors. The defendant there craved *oyer*, and pleaded in bar that he executed the lease in his official capacity, and, on demurrer, the plea was held good. In *Unwin* v. *Wolsey*,‡ the court of K. B. said it made no difference whether the contract were by deed or parol, where it appeared to have been made by the defendant as a public agent, and not on his private account.

In the present case, it appears from the *oyer*, that the defendant was agent merely, and the plaintiffs, knowing the fact, took it from him as acting in that capacity. On the face of it, then, the plaintiffs have no right of action against the defendant.

Again ; if the defendant had no power to bind the *Granville Cotton Manufactory*, then the deed was void ; then the plaintiffs should have brought an action on the case against the defendant for the fraud, or injury, and not have sued on the instrument, as if it were valid. If a person, acting as agent, exceeds his authority, he is liable, not on the contract, which he had no authority to make, but for the wrong he has done. The action is *ex delicto*, not *ex contractu*. But there can be no pretence of fraud in the defendant ; and where there is good faith, the acts of an agent are to be favourably and liberally construed.§

Again; it appears that the plaintiffs were partners with the defendant in the association. They cannot sue themselves; they must go into a court of equity for redress, if they have sustained any injury.

*Buel*, in reply. The case of *Hodgson* v. *Dexter* was that of a government agent ; and there is a clear and settled distinction between public and private agents.|| The plaintiffs have not covenanted with the *Granville Cotton Manufactory*, but the

ALBANY,
August. 1816.

WHITE
v.
SKINNER.

* 1 *Chitty's Pl.* 434.

† 1 *Cranch's Rep.* 345.

‡ 1 *Term Rep.* 674.

§ 1 *Johns Cas.* 110 174. 2 *Caines*, 310.

|| 1 *Chitty's Pl.* 24. 1 *Term Rep.* 172. 676. 5 *East*, 148.

ALBANY,
August, 1816.

WHITE
v.
SKINNER.

defendant; and it was because they could not contract with that company that they entered into the covenant with the defendant.

If one of several partners executes a deed, or covenant, in the name of the firm, it is his own deed. It is not denied that the defendant was an agent of the *Granville Cotton Manufactory.* But there is a distinction between an attorney in fact, and an agent. The former can be constituted only by deed.* The authority of the latter may be by parol, or implied. An attorney must always use the name of his principal; an agent or factor may do the business in his own name. If the defendant had been an attorney in fact, and had executed the deed in his own name, it would have been void.† The deed is the act only of the person who affixes the seal, though other persons are named as the covenantors.‡ But, where a person acts as an agent, the contracts made by him are not void for want of authority, but he is personally liable. The plaintiffs, as partners, or the company, have no concern with this covenant. It is the individual act of the defendant. It is to be presumed, that he was indemnified for his undertaking.

Again; on what principle are the plaintiffs to be sent to a court of chancery? They have an express covenant, on which they have adequate remedy at law. Matter of defence in equity cannot be set up at law.§

PLATT, J., delivered the opinion of the court. The law is well settled, that one person cannot *seal* for another, without express authority, and it is also settled, that if a person execute a bond as attorney for another, *without authority*, such person so assuming to act is personally bound, as though he had covenanted in his own name simply. (7 *Term Rep.* 207. 3 *Johns. Cas.* 180. 2 *Caines' Rep.* 254. 5 *East,* 148.).

The case of *Tippets* v. *Walker and others,* (4 *Mass. Rep.* 595.) is similar to the present, in almost every feature. There, a committee of a turnpike corporation covenanted in their own names, *as a committee,* to pay for making a road for the corporation, and the question was whether they were *personally liable?* Ch. J. *Parsons,* in delivering the opinion of the court, says, "if any individuals, who are agents for the corporation, or of any officers of it, will voluntarily stipulate with workmen for their payment, it is reasonable that they should be holden to their con-

* 1 *Bac. Ab. Authority,* (A.) Co.
*Litt.* 48. 1 *Salk.* 96.

† *Bogert* v. *De-Bussey,* 6 *Johns. Rep.* 94.

‡ 1 *Str* 503. 1 *Saund.* 291. 7 *Term Rep.* 207. 2 *Caines' Rep.* 254. 2 *B. & P.* 338.

§ 1 *Chitty's Pl.* 460. 7 *East,* 153. 3 *East,* 344.

tract. A case of this kind is not like a contract made by an agent for the public, and in the character of an agent, although it may contain an engagement to pay in behalf of the government. For the faith and ability of the state in discharging all contracts made by its agents in its behalf, cannot, in a court of law, be drawn in question."

Testing the defendant's plea by these rules, I think it is bad, and the demurrer is well founded.

The defendant represented himself, and assumed to act, as the agent of the directors of the manufacturing company. He is now sued in his private individual capacity; and to exonerate himself, he was bound to aver and prove, that he had authority to seal for his co-directors.

The covenant is not to be regarded as a nullity. The plaintiff relied on this *specialty security*. If it does not bind the directors, for whom the defendant represented himself as agent, then it is personally obligatory on the defendant alone; and it is incumbent on the *defendant*, not on the *plaintiffs*, to aver and prove the authorization, if any, by which the defendant contracted for *Raymond & Hitchcock*, or for the company. Whether he had such authority is a fact for which the defendant alone is responsible; and he has no right to call on the plaintiffs to prove either the negative or affirmative. The plea is, therefore, bad, because it contains no such averment, upon which the plaintiffs might have taken issue. If the defendant is not personally bound, he ought, by his plea, to have shown, that upon this covenant the plaintiffs had a right of action against some other person.

That the plaintiffs were stockholders, or partners, in this manufacturing company, affords no ground to defeat their claim under this covenant.

The plaintiffs are entitled to judgment on the demurrer.

Judgment for the plaintiffs.