On the trial in the court below, his Honor, Judge Norwood, was of opinion that the deed from McNeil, whether he were considered as sheriff, acting under the authority of the writ, or as the agent of the defendant's intestate, under the parol agreement, was sufficient under the circumstances to pass the title, and directed a nonsuit, whereupon the plaintiff appealed.
The deed executed by McNeil, the sheriff, to the plaintiff, being an official act, conveyed a good and valid title. Smith v. Kelly, 7 N.C. 507. In the other view of the case taken by the judge, supposing the sheriff did not act officially, but as the agent of Hussey, I do not concur, unless McNeil had been duly authorized, by a written power of attorney, to execute the deed for him. An authority by parol would not be sufficient, because titles to land must be evidenced by written conveyances. I think the nonsuit ought not to be set aside.
PER CURIAM. Judgment affirmed.
Approved: Testerman v. Poe, 19 N.C. 103; Ward v. Lowndes, 96 N.C. 367.
(3)