(90) FROM WARREN.
"Six months after date I promise to pay G. D. and G. W. G., or order, $78.25 in North Carolina money, for value received, as witness my hand and seal, this 3 June, 1826. ROBERT R. JOHNSON, By Gordon Cawthorn."
The bond was entirely in the handwriting of the defendant, who had no written authority, under seal or otherwise, from Johnson to execute it; neither did he at the time say or pretend he had such authority. The goods purchased by the defendant, and for which the above bond was given, came to the possession of Johnson.
The jury, under the directions of his Honor, returned a verdict for the plaintiff, and the defendant appealed.
This is an action of debt, and the plaintiffs declare upon the instrument, as the writing obligatory of the defendant, who pleads non estfactum, and issue is thereon joined. The contract must be set forth in the declaration in the terms of it, or according to its legal effect. *Page 59 
1. Chitt. Pl., 299. It is usual to follow the words of written contracts.Ib., 302.
Every contract should be so construed as to give effect to the intention of the contracting parties, if such intent can be ascertained from the face of the instrument and be not repugnant to any principle of law. Agreements should be enforced according to the sense in which they were mutually understood, when they were made. This rule for the exposition of contracts tends to advance the ends of justice, (97) and to subserve the purpose of the parties. The nature of the transaction, the language of the specialty, the mode of its signature and sealing, all conclusively show that it was clearly understood by the parties to this suit that the defendant was not to be personally bound by the deed. The defendant did not intend to bind himself, nor did the plaintiffs believe that he was bound. It is said the inquiry is not as to the intent with which the act was done; but what was the nature of that act, and what are its legal effect and consequences. Let it be observed that the act frequently receives its impress and character from the intention of the parties at the time of its execution. It is true, if there be any stubborn principle of law which makes this instrument the deed of the defendant contrary to the intent of the parties, the hardship of the case cannot prevent its application.
This instrument is technically and formally drawn to bind Johnson, the principal, and on its face he appears to be bound. The specialty, on its face, gives no cause of action against the defendant. The intention to find the principal is obvious; and the manner of executing the instrument is in strict accordance with the technical form prescribed, both by law and usage, to give effect to such intent. Wilks v. Back, 2 East., 142. But Johnson, the principal, was not bound by the specialty, because the authority of the agent was not created by deed, and power to bind the principal by an instrument under deed can only be delegated by deed. Coke Lit., 52, a; Shamburger v. Kennedy, 12 N.C. 1; 7 Term, 209. "The attorney who executes a power by giving a deed must do it in the name of his principal; and the attorney is not bound, even though he had no authority to execute the deed, when it appears on the face of it to be the deed of the principal." 2 Kent Com., 498. Here the specialty was executed in the name of the principal, and (98) on the face of the instrument that principal was bound. These positions lead to the conclusion that the instrument having been executed in the name of Johnson, without proper authority, is void.
But the plaintiffs were not without remedy against that person with whom they intended to contract. The defendant had been constituted by Johnson, his agent, to purchase goods. In the execution of that agency he bought goods of the plaintiff in the name of Johnson and for *Page 60 
his benefit, and they subsequently came to his use. The plaintiffs could have recovered the value of the goods in an action of assumpsit against Johnson. The defendant had authority to make the purchase for his principal and to bind him by the contract; and the subsequent acts of Johnson would have confirmed and ratified that contract had the precedent authority been defective. There was nothing, I apprehend, either in the making of the instrument, or in the receiving of it by the plaintiffs, which could extinguish the contract or defeat their right of recovery in an action ofassumpsit.
Had the defendant been guilty of any fraud in making the contract — had he, to obtain the goods, corruptly concealed the truth, or knowingly represented a falsehood, there is no doubt he would have been personally liable to the plaintiff in an action on the case. 2 Kent Com., 494;Long v. Colburn, 11 Mass. 97; 16 Ib., 461. But the statement of the case imputes no moral guilt to the defendant. The execution of the instrument is ascribable to mistaken notions of his power. But it is to be inferred from some of the cases that the assuming to act without authority is a fraud in the eye of the law. If the mistake be mutual — if it be common to the parties to this suit, each possessing a full knowledge of all the facts and circumstances connected with the transaction — then the plaintiffs, consenting thereto, and being actors and participators therein, cannot complain, volenti non fit injuria. But if the act be exclusively the effect of (99) defendant's mistake, and the plaintiffs, being ignorant of the circumstances, have sustained damage thereby, it is believed a special action on the case can be maintained against him for assuming to act without power. 2 Kent Com., 494; 11 Mass. 97; 16 Ib., 461. But on this point it is not necessary to express a judicial opinion.
The specialty was signed, sealed and delivered in the name of Johnson, for his act and deed, by the defendant, as his agent. It was accepted by the plaintiffs, and on its face it appears to be the deed of Johnson. The present action can only be sustained by making the instrument the deed of the defendant. Is there any principle of law which can so entirely defeat the intentions of the parties and pervert the truth of the transaction as to change the nature and character of the instrument, and make it the deed of the defendant? The plaintiffs say the instrument is not a nullity; it is the deed of some person; and if not the principal's, it must be the agent's; that the defendant had no authority to execute a deed in the name of Johnson, and by exceeding his power, or by assuming to act when he had no power, he is not only personally liable to make compensation to the plaintiffs, but the instrument becomes his deed, or he is bound in the same way, and responsible in the same form of action, as the principal would have been, had the *Page 61 
deed been duly executed with full power, and was obligatory on him. It is admitted that the defendant had no authority to bind Johnson by deed; and that the defendant for thus assuming to act, had it been done without the full knowledge and consent of the plaintiffs, would be personally liable to compensate them for the loss sustained; but it is denied that the instrument becomes the deed of the defendant because it is not the deed of Johnson; and the action cannot be maintained on the pleadings, unless the instrument is the deed of the defendant.
It is believed the elementary writers, in speaking of the personal liability of the agent, because he has no responsible principal, (100) do not mean to convey the idea that the instrument becomes the deed of the agent when it had been signed, sealed and delivered in the name of the principal, who was bound on its face, merely because the agent had exceeded his authority, or had acted without authority. But they intend simply to declare his personal responsibility, which may be enforced by bill in equity on the ground of fraud or by special action on the case. 2 Kent Com., 494. Formerly the remedy was by bill in equity; latterly by action on the case. This appears to be the ground of proceeding in Horsley v. Bell, Ambler, 769, 772; Meriel v. Wymondsel, Hard., 205; Cullen v. Duke of Queensbury, 1 Bro. Ch. 101; Johnson v.Ogilby, 3 P. Wms., 277; 1 Fonbl., 295.
There are many decisions, both English and American, in which the agent has been personally bound, on the ground that the language of the contract created a personal undertaking — imported a personal responsibility; where the agent bound himself personally, although in the contract he gave himself the description or character of an agent. Appleton v. Binks, 5 East., 148; Tippetts v. Walker, 4 Mass. 595; White v. Skinner, 13 Johns., 307. But it is not pretended that this principle applies to the case now before the Court.
The two cases of Dusenberry v. Ellis and White v. Skinner, which have been referred to by the plaintiff's counsel to support the position that the defendant, having acted without authority, is personally bound by the specialty in the same way as if he had executed it in his own name, without any allusion to his principal, are entitled to much respect; and I differ from them with much hesitation. Dusenberry v. Ellis, 3 Johns. Cases, 70, is a case of parol contract; but otherwise not to be distinguished from the case now under adjudication. It is there said that if the agent sign a note in the name of the principal, (101) but without authority, the agent shall be bound in the same manner as the principal would have been had it been duly made with full power; and the name of the principal shall be rejected as surplusage. Was there no circumstance to make me question the correctness of this decision I should refuse it my assent with great reluctance, and would *Page 62 
most unwillingly ascribe to it a departure from principle. But this case was decided in 1802; and in 1814 Long v. Colburn, 11 Mass. 97, was decided on a note signed in this manner: "Pro William Gill, J. S. Colburn"; and Judge PARKER, in giving the opinion of the Court, says: "The defendant is not the promisor"; "the plaintiff's remedy is against Gill, if Colburn had authority to make the promise for him; and if he had not, a special action on the case might make Colburn answerable;" and a nonsuit was entered. Judge PARKER did not think that Colburn could be made liable as a promiser
on the note, had he acted without power in making it; but he must be made responsible in a special action on the case. This decision occurred twelve years after that of Dusenberry v. Ellis, and is, at least, of equal weight and authority. I can not suppose the New York adjudication was unknown to Judge PARKER, I must, therefore, look upon it as virtually overruled by him.
White v. Skinner, 13 Johns., 307, was an action of covenant, brought on a specialty, signed and sealed in this manner: "For the directors, Reuben Skinner, L. S." There was a private association or firm known by the style of "The Granville Cotton Manufacturing Company," of which Skinner was president and director. On the face of this instrument no person was bound but Skinner, the defendant. He did not sign the name of each director and annex the seal to each name. If he had full power to bind them the mode of executing the instrument (102) did not make it obligatory on them. The contract purported on its face to bind the defendant. No other person was bound by its terms. The defendant personally undertook that others should perform, and the judgment was correctly rendered against him. And if you view the defendant as a partner the result must be the same. The name of the firm was not signed; and if signed, copartners have no common seal; the name and seal of each should be affixed by some person specially authorized to do the acts. For being a partner gives no authority to execute a deed for the other members of the firm. The case is unlike the one now under the consideration of this Court. But Judge PLATT, in delivering the opinion of the Court, extra judicially observes: "If a person execute a bond as attorney for another, without authority, such person, so assuming to act, is personally bound as though he had covenanted in his own name." I have found no English Adjudication to support this dictum of Judge PLATT. He refers to 7 Term., 206, and 5 East., 148. They appear to me to furnish no basis for such a doctrine. However respectable the source from which it flows, I must question its correctness; and the more especially as the decision was made in 1816, and Chancellor Kent published in 1827 the second volume of his commentaries, in which it is said: "The attorney is not bound, even though he had no authority to execute the deed, when it appears on the *Page 63 
face of it to be the deed of the principal"; "there is a remedy against him by a special action on the case for assuming to act when he had no power."
White v. Skinner, supra, so far as it bears on the one now before the Court, contains only an obiter dictum of Judge PLATT. I have found no English decision supporting it; and it seems that eleven years after the opinion was expressed it was not recognized as authority by Chancellor Kent
for the purpose for which it has been cited.
The Supreme Court of Massachusetts, at October Term, 1820, in Ballou v. Talbot, 16 Mass. 461, expressly decided that the (103) defendant having signed a promissory note, and added to his signature the words, "Agent for David Perry," did not make the defendant liable as on his own promise; and if he acted without authority from Perry, that circumstance could not make it the promise of defendant; but he would be responsible for a special action on the case. The decision in Long v. Colburn is reexamined and confirmed. Chief-Justice PARKER delivers the opinion of the Court, and supports it with able reasoning. Let it also be remarked that this adjudication was made more than four years subsequently to the decision of Judge PLATT inWhite v. Skinner, which had been decided at August Term, 1816.
Under these impressions, and with this view of the cases on the subject, I cannot consent to render judgment against the defendant.