There is no dispute in this case about the sealing and delivery of the bond, but only in regard to signing it. He who signed his name to it, ashis deed, adopted the seal.
If a name appears to be signed to a deed adopting the seal, it must be the deed of such person or the deed of no one. It cannot be the deed of one whose name is not signed to it.
When the principal's name appears to a deed or other instrument, written by his agent, purporting to adopt the seal, that instrument must be the deed of the principal, or the deed of no one. If the agent was authorized to sign it, it is the deed of the principal; if he was not so authorized, it is not his deed. It cannot be the deed of the agent, because it does not purport to be so. On the contrary it purports not to be his deed, and he does not adopt the seal. The terms in which it professes to have been executed declare it to be the deed of the principal, and not that of the agent. Therefore to make it the deed of the (104) agent is against the evidence furnished by the instrument itself.
It has been insisted that the want of authority in the agent to sign the principal's name makes it the deed of the agent.
I have always understood that the question whose a particular deed is (if anybody's) must be collected from an inspection of the paper itself. *Page 64 
But if the rule contended for be correct, the question who is the obligor or grantor depends not upon the instrument itself, but upon matter of fact unconnected with the real execution of the deed. The evidence admissible under the pla of non est factum should be confined to the point whether things apparent on the face of the deed, so far as relates to the execution of it, were true and genuine as they appeared to be. If they were not, in any essential point, it was not the deed of the person it purported to be; and as it was not his deed it could be the deed of no other person, because it did not purport to be so.
It is difficult for me to understand how a deed which has but one seal shall be considered to be the deed of one person or another, as facts shall turn out, which are not connected with the two essentials of a deed, signing and sealing — I mean so far as they appear upon its face.
I am aware that there are authorities the other way. It is said to be right that an agent who signs for another without authority should be answerable himself. As a principle of ethics I subscribe to this rule; but it appears to me that he should be answerable in some other action than in one upon the instrument which he has signed as agent in his principal's name. Long v. Colburn, 11 Mass. 97.
I can raise no objection to White v. Skinner, 13 Johns., 307. The defendant in that case signed for the directors in his own name, (105) and of course he was bound — he undertook for them. If he had signed the name of the directors, and had affixed a seal to each name, and stated that he did so as agent, that case would have resembled this.
Nor in this case like Appleton v. Binks, 5 East., 148. There the agent signed and sealed the covenant in his own name and with his own seal.
I think the rule for a new trial should be made absolute.