Green, J.
delivered the opinion of the court.
It has been insisted for the defendant in this case that there was no mutuality in the agreement set up in the bill, and that therefore he is not bound to perform it; while the complainant’s counsel contends that Jenkins was personally bound by the contract he made in the name of Philpot, because of his want of authority to make that contract, and therefore the defendant is liable to him, and hence the agreement creates a mutual obligation.
It is true that in some cases a party who assumes to make a contract in the name of another, without authority to do *299 so, is liable personally to fulfil the obligation entered into by him. 13 John. Rep. 307: 3 John. Ca. 10. But such is not the case here. The contract was made in good faith upon the supposition that the party making it had ample authority. But the fact turned out that his authority had recently, and without the knowledge of the parties, ceased to exist by the death of the principal,‘so that no right was communicated to the thing agreed to be sold, and consequently there could be no obligation in Jenkins to make a title.
It is not like the case where one makes a bond for money in the name of another without authority. In such case he can fulfil the contract himself, and is bound to do it. But when one undertakes, as attorney in fact for another, to sell an articles the property of that other, he communicates to the purchaser no right to -the thing sold unless he had authority to sell it. The purchaser could not in such case maintain a bill to enforce a title either against the owner or the pretended agent. The only remedy would be at law for damages. But these questions can never arise except where a remedy is sought against a party thus assuming to contract for another. In this case they have no application. The defendant did not contract with Jenkins; he intended to contract with Philpot, but as he was dead the whole agreement was void. The bond of the defendant for the money was made payable to Philpot, and if he is bound to take the land the other is bound to pay the money. But to whom is he bound to pay it? Not to Jenkins certainly. As the contract was to pay it to Philpot, it must be paid to him or to some one having a legal or equitable right derived from him. But Jenkins had no such right, and there is no principle upon which a court of equity can decree the money to him. As, therefore, the complainant has no right, legal or equitable, to demand the .money that Atkins agreed to pay Philpot for the land, arising either from his connexion with the contract as the attorney in fact of Philpot or from the fact that he has subsequently become owner of the land and is willing to convey it, there is no equity in the bill, and it must therefore be dismissed with costs. Affirm the decree.