IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1893.

---

CHARLES E. HELLIER v. GEORGE R. LORD, EXECUTOR, &c.

55 367|<br>61e 198|

A count in a declaration showing mat the defendant is indebted to the
plaintiff on a promissory note made by him as the executor of M. E.
L., exhibits a personal and not a representative liability.

---

On demurrer to declaration.

This is a demurrer to three counts of the declaration, the
same being the first, fifth and sixth counts. The substance
of the first of these was thus expressed, that the plaintiff
"complains for that whereas the said defendant, George R.
Lord, personally and as executor as aforesaid, on the 16th
June, 1892, in the county of Monmouth aforesaid, became, was
and is indebted to the plaintiff, as endorser personally, and as
maker as the executor of the last will and testament of Mary
E. Lord, on the promissory notes hereto annexed in the sum
of $29,389 48/100." Then followed the fifth count, as follows :
"And in the like sum of money for the price and value of

work done and materials for the same provided by the plaintiff for the defendant at his request." The sixth count was stated in these terms: "And in the like sum of money for money received by the defendant for the use of the plaintiff."

There were other common counts, similar in frame in all respects with the last two just recited.

The following is one of the notes mentioned in the first of the foregoing counts, viz.:

" $193.24.                                ASBURY PARK, N. J.
                                          " 5 Feby. 1889.

" On demand after date I promise to pay to the order of myself one hundred and ninety-three $24/100$ dollars at the Asbury Park National Bank with interest at six per cent. Value received.

                    (Signed)        " GEO. R. LORD, *Exr.*
    [Endorsed]—
            " GEO. R. LORD, *Exr.*
            " GEO. R. LORD."

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *David J. Pancoast.*

For the defendant, *Hawkins & Durand.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a demurrer to those three counts of the declaration which are recited in the statement prefixed to this opinion. A glance at this series of pleadings will make it manifest that unless it can be shown that they comprehend incompatible causes of action, the general objection that is here interposed cannot be sustained. It will be observed that the last two counts are in the common form, the one for work and labor and the other for money had and received, and each of them sets up a liability of the de-

fendant, in his personal and not in his representative capacity. If the first count, therefore, evinces a similar liability, the joinder of such matters as the basis of the suit is beyond challenge. And this is the question debated in the briefs of the respective counsel, that is, whether the first count presents a claim due from the defendant as an executor, or one for which he is responsible as an individual.

It must be admitted that this count has been most abnormally constructed. It would seem that the pleader has done his best to make the statement of the cause of action as incongruous and non-existent as possible. The allegation is, that the defendant is indebted to the plaintiff on a promissory note, that is recited, as endorser personally and as maker in his capacity of executor. Assuming the truth of these allegations, it would be manifested, *uno flatu*, that the claims thus conjoined were totally incongruous in an actionable point of view, and an explicit misjoinder would be revealed, for on proof of the asserted liability as endorser the judgment would be to make the money *de bonis propriis*, and as maker *de bonis testatoris*. But in reality this allegation of a personal liability of the defendant as endorser is a mere phrase and nothing more, for the count is absolutely devoid of every circumstance that would fix the defendant with such a responsibility, for neither presentment of the note for payment nor notice of its dishonor is hinted at. The averment in question can have no legal meaning or force in this connection.

With respect to the other averment that the defendant, as executor, was liable as the maker of the note, it also must, in the presence of the facts pleaded, be regarded as a nullity. The note itself is set out in the pleading, and it incontestably proves that he incurred a personal and not a representative obligation, for he could not bind the estate by such a method. The legal doctrine is well known and is to be found in any of the usual text-books. Thus, Mr. Daniel, in his work on *Negotiable Instruments*, § 262, says: "An administrator or executor cannot bind the decedent's estate by any negotiable instrument; he can only bind himself personally, even if he

adds to his own name the designation of his office.    Thus, if
he signs himself A. B., executor (or administrator) of C. D.,
or A. B., as executor of C. D., the representative terms will
be rejected as surplusage."

Accepting this as the undoubted rule, it is plain that the
defendant in this case, by becoming the maker of these notes,
imposed upon himself a purely personal liability, and that,
therefore, this count, with respect to the nature of the cause
of action presented by it, is, in all particulars, in harmony
with the two common counts embraced in the demurrer.    On
this account the plaintiff must have judgment on this legal
issue.

But beyond these views, in my opinion, the first count just
criticised is futile and destitute of all force, on the ground
that it does not show that the plaintiff is the holder or pos-
sessor of any of the notes in question.    There is neither an
assignment nor delivery of them to the plaintiff alleged or
made apparent by a statement of facts.    Looking at the case
in this wise the same result obtains.    As some of the counts
embraced in the demurrer are good, the plaintiff will still be
entitled to judgment, although the first count exhibits no legal
ground of action.

Let judgment be so entered, with leave, &c.