JOSEPH S. RYAN *vs.* FRANK HEBERT.

JUNE 4, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J.   This is an action of assumpsit brought by the payee of a promissory note for $800.00 dated January 10, 1920.   The note is signed "Est. of Felix Hebert, Frank Hebert, Adm'r."   At the close of the testimony the court directed a verdict for the plaintiff.   The defendant has brought the case to this court by his bill of exceptions claiming that the direction of a verdict was against the law and the evidence.   The action is brought against Frank Hebert individually.   The declaration contains a count on the note;  a count stating that the defendant was indebted to the plaintiff in the sum of $800.00 and gave him a note therefor which was not binding on the estate of Felix Hebert; a count for goods, and chattels sold and delivered, and the money counts.   The plea is the general issue.

The testimony shows that the defendant purchased a truck on conditional sale October 28, 1919, and gave a series of notes therefor, some of which he paid.   The note sued on is a renewal note for the balance due the plaintiff as commission on the sale of the truck.   The plaintiff testified that the defendant also owed him $51.90 for repairs on the truck, gasoline and oil.

The defendant admitted buying the truck from the plaintiff; that he gave him the note in suit for the balance of his commission on the sale, and that it has not been paid. Defendant testified that he is in the teaming and trucking business in succession to his father.   It does not appear in evidence when or where defendant was appointed administrator upon the estate of Felix Hebert, nor does it appear that he purchased the truck for the estate or that he had any authority to do so.

The defendant claims that he made the note in a representative capacity on behalf of his principal and that he is not liable personally, although he had no authority to make the note.   Sec. 26, Chap. 200, General Laws, 1909, provides, among other things, that where a person adds to his signature words indicating that he signs (a negotiable instrument) in a representative capacity, he is not liable, if he was duly

authorized. The plaintiff claims that, under this section, the defendant is personally liable on the note as he was not duly authorized to sign it.

The undoubted effect of this section is to render one signing for or on behalf of a principal or in a representative capacity, personally liable on the instrument, if he acts without authority. Selover on Negotiable Instruments, 2nd ed. p. 31; *Austin, Nichols & Co. Inc.* v. *Gross*, (Conn.) 120 Atl. 596. In *Dunham* v. *Blood*, 207 Mass. 512, it was held that a trustee who signed a note as such, without authority, was personally liable on the note. As the defendant had no authority to sign the note for the estate of Felix Hebert, he is personally liable on it.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Malcolm D. Champlin*, for plaintiff.
*Greene, Kennedy & Greene*, for defendant.