NEW GEORGIA NATIONAL BANK OF ALBANY, GEORGIA, Respondent, *v.* J. & G. LIPPMANN, a New York Corporation, Defendant, Impleaded with L. J. LIPPMANN, Individually, Appellant.

First Department, January 13, 1928.

**Bills and notes — parties liable — action on promissory note signed " J. & G. Lippmann L. J. Lippmann, Pres."— complaint alleged that corporate defendant denies authority of individual defendant and asks judgment in alternative against individual defendant — complaint states cause of action against individual defendant — Civil Practice Act, § 213, and Negotiable Instruments Law, § 39, applied.**

The plaintiff sues on a promissory note signed " J. & G. Lippmann L. J. Lippmann, Pres.," and alleges in its complaint that the corporate defendant denied the authority of the individual defendant to execute the note as its president, and the complaint demands judgment against the corporate defendant or, in the alternative, against the individual defendant, under section 213 of the Civil Practice Act.

The complaint is sufficient as to the individual defendant, for, if the individual defendant did not have authority to execute the promissory note, then he is liable, under the provisions of section 39 of the Negotiable Instruments Law. That section, while it does not specifically state that the agent signing the promissory note is liable in case he did not have authority to do so, does negatively make him liable, for it provides that he is not liable on the instrument if he was duly authorized.

FINCH, J., dissents, with opinion.

APPEAL by the defendant, L. J. Lippmann, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of February, 1927.

*Morris Ebenstein* of counsel [*Stanleigh P. Friedman* with him on the brief; *Joseph H. Hazen,* attorney], for the appellant.

*N. F. George* of counsel [*John G. McGovern* with him on the brief; *Wickes & Neilson,* attorneys], for the respondent.

PROSKAUER, J.  Plaintiff sues upon a promissory note signed "J. & G. Lippmann    L. J. Lippmann, Pres."  In the complaint it is alleged that the corporate defendant denies the authority of the individual defendant to execute the note as its president.  The plaintiff, therefore, asks judgment on the note in the alternative against the corporate or individual defendant under the provisions of section 213 of the Civil Practice Act.

The individual defendant attacks the complaint upon the ground that even if he signed the note on behalf of the corporate defendant without authority, he is not liable upon the note, but only in an action for breach of warranty of authority, and that, therefore, the complaint predicated upon the note itself states no cause of action whatever with respect to him.  We think the court at Special Term correctly held that, in the absence of authority to sign the note for the corporate defendant, the individual defendant is liable upon the note.

Concededly this was not so prior to the enactment of the Negotiable Instruments Law.  The plaintiff's position, however, is sustained by section 39 of the Negotiable Instruments Law (Uniform Neg. Inst. Law, § 20), which reads: " Liability of person signing as agent.  Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized."  In Williston on Contracts (Vol. 2, p. 2122) it is said: " The words ' if he was duly authorized ' seem to carry the implication that if unauthorized the agent is not merely liable for breach of a non-negotiable warranty, but liable on the instrument itself."  This interpretation finds unqualified support in the opinions of the commissioners who drafted the Negotiable Instruments Law.  Crawford, the draftsman employed by the commissioners, in his Annotated Negotiable Instruments Law (4th ed.) writes (at p. 52): " In the original draft submitted to the Conference of Commissioners on Uniformity of Laws this section read as follows: ' Where a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument; but the mere addition of words describing him as an agent, or as filling a representative character, does not exempt him from personal liability  *  *  *.'  This is the English rule, and was the rule in

New York prior to the statute. Under that rule a person signing for or on behalf of a principal was not liable *on the instrument,* notwithstanding he had no authority to bind his principal. There was an implied warranty on his part that he possessed such authority, and if he did not, he became liable upon such warranty for the damages resulting from the breach. (*Miller* v. *Reynolds,* 92 Hun, 400.) But no action could be maintained against him on the instrument, when by its terms it did not purport to bind him. * * * The effect of the section, as it now stands, is, probably, to permit the holder to sue the agent on the instrument, if he was not duly authorized to sign the same on behalf of the principal."

The discussion between Professor Ames, Judge Brewster and Professor McKeehan (quoted in Brannan's Neg. Inst. Law [4th ed.] 163) fortifies Crawford's conclusion. Professor Ames writes: " Under this section, an agent signing without authority of the principal is, by implication, liable on the instrument." He criticises the change, but states that it was made. Judge Brewster, one of the commissioners, writes: " There is no injustice. The agent should know whether he has authority. He should be liable as the maker of the note. Such is the rule of the German Code."

Professor McKeehan states: " The rule of sec. 20, though difficult to justify on principles of contract, has important practical advantages. It increases negotiability and enables plaintiff to prove with ease and certainty the amount to be recovered." Professor Chafee, the editor of the fourth edition of Brannan's Negotiable Instruments Law, states that the cases indicate " that the construction placed upon this section by Dean Ames and the other writers * * * will be adopted by the courts."

His conclusion is amply sustained by the great weight of authority. (*Ryan* v. *Hebert,* 46 R. I. 47; 124 Atl. 657; *Pain* v. *Holtcamp,* 10 F. [2d] 443, 444; *Austin, Nichols & Co.* v. *Gross,* 98 Conn. 782; 120 Atl. 596, 597, *accord. Haupt* v. *Vint,* 68 W. Va. 657, *contra.*)

In *Pain* v. *Holtcamp* (10 F. [2d] 443, 444), PHILLIPS, Dist. J., writes: " We believe that it was the purpose of the framers of the Uniform Law to change the common-law rule above referred to, and to make the person liable on the instrument if he executed it in the name of his purported principal without express or general authority to do so. Such a rule affords a remedy to subsequent holders as well as to the original payee. The procedure for its enforcement is more simple. Under it the actual damages are more readily proven. All this adds to the negotiability of commercial paper."

In *Ryan* v. *Hebert* (46 R. I. 47; 124 Atl. 657), SWEENEY, J., said: " The undoubted effect of this section is to render one signing

25

for or on behalf of a principal or in a representative capacity, personally liable on the instrument, if he acts without authority."

In *Austin, Nichols & Co.* v. *Gross* (98 Conn. 782, 786; 120 Atl. 596, 597), WHEELER, Ch. J., states: " Cases arising under this law are to be decided without reference to the authority of prior decisions * * *. (2) * * * Where one adds to his signature to a negotiable instrument words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is liable on the instrument if he was not duly authorized."

The decided cases thus adopt the intent of the commissioners who framed the Uniform Negotiable Instruments Law. Their intent conforms with the experience and understanding of the commercial community. We should effectuate this intent both to secure uniformity and to keep the law in accord with commercial usage.

For these reasons the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the defendant L. J. Lippmann to answer on payment of said costs and ten dollars costs of motion at Special Term.

DOWLING, P. J., MERRELL and McAVOY, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting). The exigencies arising out of the circulation of commercial paper do not, in my opinion, require a construction of section 39 of the Negotiable Instruments Law, which predicates upon a mere negative implication, the change of a rule previously well established both in England and in this State and the readoption of a rule deliberately discarded because unjust. Even text writers are divided upon this question. Professor Huffcut, in his book " The Law of Negotiable Instruments " (1898) (on p. 316) says: " It will be observed that the language of the Neg. Inst. Law (§ 39 [20]), seems to imply that if the agent is not duly authorized he will be liable on the instrument; but it is open to question whether the courts would change a well-established rule of law upon a negative implication." In 10 American Law Notes, 104, the author, in discussing this very question, states: " If a change in the common law had been intended it could have been accomplished unequivocally by adding a few words, namely, ' but he is liable on the instrument, if he was not duly authorized; ' and courts constantly reason that where, had a change been intended, ' it would have been easy to say so,' it will not be presumed as a matter of inference." Professor Ames, while assuming that the rule may have been changed if the court

is so to act upon implication, says: " This is unjust and a departure from the English Act and the almost uniform current of judicial decisions by which the agent is liable only on his implied warranty of authority." Judge SELDEN in *White* v. *Madison* (26 N. Y. 117) shows how this rule, which it is now sought to restore, was formerly the rule in this State but was discarded because productive of so much injustice: " The defendant, having executed the note in the name of Snow, without authority, would be held liable, according to several decisions in this State, as the maker of the note. (*Dusenbury* v. *Ellis*, 3 Johns. Cases, 70; *White* v. *Skinner*, 13 Johns. 307.; *Feeter* v. *Heath*, 11 Wend. 477; *Rossiter* v. *Rossiter*, 8 id. 494; *Meech* v. *Smith*, 7 id. 315; *Palmer* v. *Stephens*, 1 Denio, 480; *Plumb* v. *Milk*, 19 Barb. 74.) The authority of these cases has been somewhat shaken by the remarks of the judges who delivered opinions in the case of *Walker* v. *The Bank of the State of New York* (5 Seld. [9 N. Y.] 582); and in England, as well as in several of the United States, the principle upon which they rest, if they are supposed to present the only ground of liability of the agent, has been substantially repudiated. (*Collen* v. *Wright*, 40 Eng. L. & Eq. 182.)   *   *   * "

In support of the construction of section 39 contended for, the respondent has quoted statements of the commissioners who framed the act. The courts, however, must be guided by the language of the statute as enacted by the Legislature and not by the subsequently expressed statements of the preconceived ideas of the draftsmen. (*U. S.* v. *Trans-Missouri Freight Assn.*, 166 U. S. 290, 318; *Pennsylvania R. R. Co.* v. *International Coal Mining Co.*, 230 id. 184, 198.)

The result here reached is strengthened by a comparison of the limit of recovery in an action for intentional fraud and deceit " to indemnify the party injured. All elements of profit are excluded." (*Reno* v. *Bull*, 226 N. Y. 546, 553.) While the recovery is so limited to the actual damages suffered in an action for intentional fraud and deceit, yet in the case at bar the appellant may be penalized and the plaintiff allowed to profit, by the recovery of the full amount of the note. This may be out of all proportion to the damage suffered, and the maker of the note may have innocently assumed that he possessed the necessary authority until the court adjudged otherwise.

The aggrieved party is made whole if he is awarded the actual damages sustained by reason of not receiving the benefit of the contract which he was induced to believe he was making. The complaint in the case at bar thus fails to state a cause of action against the appellant upon the contract. It also fails to state

a cause of action upon the theory of breach of warranty of authority. It lacks essential allegations of representation of authority by the appellant and reliance thereon by the plaintiff to plaintiff's damage.

For the foregoing reasons, I dissent from the holding and vote to reverse the order appealed from.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant L. J. Lippmann, individually, to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.