THE TRUST COMPANY OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. LEILA H. BREAM, DEFENDANT.

Decided July 1, 1933.

For the plaintiff, *Erwin & Davidson.*

For the defendant, *Joseph L. Smith.*

ACKERSON, C. C. J. The above entitled action is submitted to me as a Circuit Court judge for trial without a jury upon an agreed state of facts.

From the stipulated facts it appears that the plaintiff is seeking by this action to recover from the defendant, Liela H. Bream, personally, upon a promissory note for $800; signed "Estate of Edwin S. Bream, Leila H. Bream, executrix," as maker, of which note the following is a copy:

"$800                Jersey City, N. J., November 14, 1929

Three months after date I promise to pay to the order of Frank Hayes, eight hundred dollars.

Payable at The Trust Company of New Jersey,
                Claremont Branch.

Value received with interest, ESTATE OF EDWIN S. BREAM, due February 14th.

LEILA H. BREAM,
*Executrix.*

It is endorsed by Frank Hayes and Frank B. Hayes."

It further appears that "said note was executed and delivered in consideration of the *payment* of a note also for

$800, made by Edwin S. Bream, during his lifetime, to the order of Frank Hayes," and endorsed by the same endorsers which note was then past due.

The note in suit was duly protested and notice thereof duly mailed to the maker as executrix and to each of the endorsers.

It is further stipulated that both the note executed and delivered by the said Edwin S. Bream during his lifetime and the present note so executed and delivered by the defendant as executrix were made for the accommodation of the endorsers thereon, but that the plaintiff herein, The Trust Company of New Jersey, was a *bona fide holder thereof for value.*

It further appears that the contention of the plaintiff is that the defendant, notwithstanding the fact that she executed and delivered said note as the executrix of the estate of Edwin S. Bream, was without authority as such to do so and is, therefore, personally liable for the payment of the note. The defendant on the other hand contends that said note was made and delivered by her as executrix of the estate of Edwin S. Bream and, therefore, her liability is limited to her capacity as said executrix and not personally.

It has been laid down as a basic rule in this state that an administrator or executor has no inherent authority to bind the decedent's estate by any negotiable instrument; he can only bind himself personally, even if he adds to his own name the designation of his office. *Hellier* v. *Lord, 55 N. J. L.* 367; 26 *Atl. Rep.* 986.

"As to trustees, guardians, executors and administrators, and other persons acting *en autre droit,* they are generally held personally liable on promissory notes, because they have no authority to bind *ex directo* the persons for whom, or for whose benefit, or for whose estate, they act, and hence, to give any validity to the note, they must be deemed personally bound as makers." *Taylor* v. *Davis,* 110 *U. S.* 330 (at *p.* 337); *Story Prom. N.,* § 63; *Austin* v. *Munro,* 47 *N. Y.* 367; *McLaughin* v. *Winner,* 63 *Wis.* 120; 23 *N. W. Rep.* 402; *Story Ag.,* §§ 280, 286.

This rule is of broad and universal application in all cases

where the transaction originated with the administrator or executor, and not with the deceased, and the other party to the contract furnished the whole consideration therefor, at the request of such administrator or executor. 24 *C. J.* 69, § 489; 11 *R. C. L.* 166, § 177; *Ryan* v. *Hebert* (*R. I.*), 124 *Atl. Rep.* 657.

The rule so far as it applies to the personal liability of the representative is not so broadly applied, however, in all jurisdictions where a negotiable instrument is given in behalf of an estate by the executor or administrator in renewal of one executed by the decedent in his lifetime.

In some jurisdictions a distinction is drawn in regard to the personal liabilty of an executor or administrator on contracts made in behalf of the estate. The normal rule is applied to cases where the executor or administrator had assets of the estate in his hands which he might have appropriated to the fulfillment of his obligation, and to cases where the other party, as consideration for the obligation of the executor or administrator, parted with something more than a mere nominal, technical consideration. But in such jurisdictions the rule is not applied where the executor or administrator had no assets with which to reimburse himself, and the other party had no good reason to suppose that he had or would have such assets, and has not been misled, and has parted with nothing but a nominal or technical consideration on the faith of the administrator's promise. Apparently on this theory it has been held that while an executor giving his note as such in settlement of a claim against his testator without consideration is *prima facie* personally liable for the whole amount thereof, yet as against the payee he may show a deficiency of assets of the estate and be relieved *pro tanto*. And so it has been held that if, in an action against an executor personally on a promissory note made by him for a debt of his testator, where the defendant shows an insufficiency of assets to pay the debt, the plaintiff cannot recover unless he can show that there was other sufficient consideration for the promise. But that if there was any other consideration for the promise than a sufficiency of assets, then

the executor may be held personally liable for the debt. 11 *R. C. L.* 168, § 178; 1 *Dan. Neg. Inst.* (*6th ed.*—1913), 352, § 263.

Furthermore, in jurisdictions where the giving of a new note for a prior indebtedness and the surrendering up of the old note which represented the prior indebtedness, is considered an absolute payment, it is held that when the executor or administrator gives his note for the debt of his testator or intestate, whose note is surrendered up to the executor or administrator, it constitutes an absolute payment of the debt, and, hence, is a sufficient consideration for the new note. This is looked upon as a novation. But this is not the law in those states where, in such a transaction, the giving of the new note would not constitute absolute payment. 11 *R. C. L.* 170, § 181; *Germania Bank* v. *Michaud,* 62 *Minn.* 459; 65 *N. W. Rep.* 70; 30 *L. R. A.* 286.

In the case *sub judice,* however, the defendant would be personally liable under any one of the foregoing rules. If we apply the broad rule, first aforementioned, that on all contracts made by an executor or administrator in discharge of his duty as such, he is liable personally, and his liability does not depend upon the fact that he has assets in his hands sufficient to discharge his duty so incurred, then, of course, under the stipulated facts in the case *sub judice,* the defendant is personally liable on the note in question.

On the other hand if liability is to be limited by the assets of the estate in the hands of the executrix, and the giving of the note makes the representative *prima facie* personally liable (11 *R. C. L.* 168, §§ 178, 180), then there is nothing whatever in the stipulated facts in this case to show that the defendant is without assets of the estate which she represents with which to pay the note in question, and the *prima facie* case against her in this respect has not been overcome.

So far as the question of consideration is concerned, it is to be first noticed that under section 24 of the Negotiable Instruments act (3 *Comp. Stat. p.* 3738), consideration is presumed until there is some evidence to the contrary, and absence of consideration would not be a defense as against a holder in due course, which the plaintiff appears to be by

the expressed terms of the stipulated facts. 3 *Comp. Stat., p.* 3738, § 28.

So far as a consideration arising out of a novation is concerned, it may be said that in this state it is undoubtedly the rule that if a creditor accepts from his debtor the note of a third person for the prexisting debt, the original debtor is not to be discharged when such discharge was not intended by the parties, and under such circumstances there would not be a payment of the original note. *American Brick Co.* v. *Drinkhouse,* 59 *N. J. L.* 462; *Caldwell* v. *Fitfield,* 24 *Id.* 150; *Shipmann* v. *Cook,* 16 *N. J. Eq.* 251. This rule is not helpful to the present defendant because in the stipulated facts it is stated "that the said note was executed and delivered in consideration of the *payment* of a note also for $800, made by Edwin S. Bream, during his lifetime, to the order of," &c., "and which was then past due."

It thus appears that there was a complete novation, inasmuch as the present note was given in "payment" of the earlier note made by the defendant's testator. If it was thus given in *"payment,"* the original debt was discharged, and this would be a sufficient consideration for holding the defendant personally liable upon the present note. 11 *R. C. L.* 170, § 181; *Germania Bank* v. *Michaud, supra.*

So far as the personal liability of an executor or administrator is concerned, the weight of authority is to the effect that it is immaterial how clearly the intention to bind the estate may be expressed. The contracts of executors or administrators cannot be regarded in any sense the contracts of the decedent. 11 *R. C. L.* 166, § 177. As was said by Chief Justice Beasley in the case of *Hellier* v. *Lord, supra,* "if he signed himself A. B. executor (or administrator) of C. D. or A. B. as executor of C. D., the representative terms will be rejected as surplusage." Nor does the fact that the defendant in the case *sub judice* signed the note "Estate of Edwin S. Bream, Leila H. Bream, executrix," change the effect of the rule. In the case of *Ryan* v. *Hebert, supra,* the note was signed "Estate of Felix Hebert, Frank Hebert, Administrator", and still the representative was held personally liable. In the last cited case the note was not given in renewal of a note of

the decedent, but in payment of an article purchased by the representative for the estate, but, of course, this would have no effect upon any question arising from the manner in which the note was signed. See, also, *Germania Bank* v. *Michaud, supra*. While the administrator was not held liable in the latter case, nevertheless, the note was signed practically in the same manner as in the case *sub judice,* and it was held that such a manner of signing would not have absolved the administrator from personal liability, if the other elements of liability had been established.

It should also be noted that section 20 of the Negotiable Instruments act (3 *Comp. Stat., p.* 3737), has a bearing upon the solution of this question. It provides as follows:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liabilty."

The words "if he was duly authorized" seem to carry the implication that if unauthorized the representative is not merely liable for breach of a non-negotiable warranty of authority, but is personally liable on the instrument itself. 2 *Williston Cont.* 2121, § 1144. In the case of *Ryan* v. *Hebert, supra,* which dealt with the same provision in the Rhode Island statute, the court said:

"The undoubted effect of this section is to render one signing for or on behalf of a principal or in a *representative* capacity personally liable on the instrument, if he acts without authority."

See, also, *Slover Neg. Inst.* (*2d ed.*) 31; *Austin Nichols & Co.* v. *Gross,* 98 *Conn.* 782; 120 *Atl. Rep.* 596.

Defendant further contends that according to the stipulated facts the note upon which this action is brought, as well as the one of which it is a renewal, were made for the accommodation of the endorsers thereon and that, therefore, the defendant is not liable.

This contention, however, overlooks the further stipulation that the present plaintiff was at all times a *"bona fide* holder for value."

In the case of *Clark* v. *Barthold,* 87 *N. J. L.* 255; 93 *Atl. Rep.* 699, the court said:

"It was further insisted that the notes were accommodation papers. Conceding the contention that the defendant signed as an accommodation maker, that fact would not invalidate the notes in the hands of a *bona fide* holder for value, as plaintiff was shown to be."

See, also, *Polhemus* v. *Prudential Realty Corp.,* 74 *N. J. L.* 570; 67 *Atl. Rep.* 303; *Gerli* v. *National Milk Supply Co.,* 78 *N. J. L.* 1; 73 *Atl. Rep.* 252; 3 *Comp. Stat., p.* 3738, § 29. It thus appears that the defendant's aforesaid contention is without merit.

In accordance with the foregoing observations I, therefore, find in favor of the plaintiff and against the defendant for the sum of $800, principal, and interest thereon from November 14th, 1929, amounting to $173.59, making a total of $973.59.