[No. 28983.  Department Two.  July 2, 1943.]

GEORGE H. UNTERNAHRER *et al., Appellants,* v.
VERNON L. BAKER *et al., Respondents.*[1]

[1]Reported in 139 P. (2d) 318.

*E. L. Sheldon,* for appellants.

*Geo. W. Young,* for respondents.

BLAKE, J.—Plaintiffs, Unternahrer and Akers, started this action against defendants, Baker, Baker Amusement Corporation, and Young, praying that a promissory note be declared to be "the sole obligation only of the defendant corporation alone, that neither of these plaintiffs is personally liable on it (and that any reformation of the instrument needed to show those facts on its face be made by the court)." The note in question is, in words and figures, as follows:

"$1000.00                    Newport, Wash., May 5, 1938

"Three years from date, for value received, we promise to pay to Vernon L. Baker, One Thousand ($1000.00) Dollars, without interest.

|  | "Baker Amusement Corporation |
| --- | --- |
| [Seal of Baker | "Dewey Akers |
| Amusement Cor- |          "Secretary |
| poration] | "Geo. H. Unternahrer |
|  |          "Treasurer" |

Defendant Baker countered with a cross-complaint on the note, alleging that the note was not an obligation of the corporation, but the joint and several obligation of the plaintiffs only. Replying, plaintiffs set up four "affirmative defenses" and a "set-off and counterclaim" to defendant Baker's cross-complaint. In the view we take of the evidence, it is not necessary to detail the facts alleged in the latter nor state the facts alleged in any of the affirmative defenses save the third, wherein it is alleged: ". . . that no consideration whatever passed from defendant Baker, or to plaintiffs, *to the corporation,* or to any other person or entity, for the execution of the note; . . ." (Italics ours.)

Since the parties are agreed that no consideration passed to the corporation for the note, the only question remaining is whether plaintiffs are individu-

ally liable; for, of course, as between the parties to the instrument, the corporation is not liable. 1 Daniel on Negotiable Instruments (7th ed.), p. 527, § 453; *Triplett v. Fauver,* 103 Va. 123, 48 S. E. 875. The individual liability of Unternahrer and Akers depends upon whether they received any consideration for its execution. The fact that it purported to be a corporate note and they intended to sign it only in their official capacities does not relieve them of individual liability if the consideration for it passed to them and not to the corporation. *Gavazza v. Plummer,* 53 Wash. 14, 101 Pac. 370, 42 L. R. A. (N.S.) 1; *Schwab v. Getty,* 145 Wash. 66, 258 Pac. 1035, 54 A. L. R. 1382; *Ryan v. Hebert,* 46 R. I. 47, 124 Atl. 657.

■ The trial court found that there was consideration for the note, and that it ran to Unternahrer and Akers as individuals, and entered judgment accordingly. Under the evidence, we do not see how the court could have found otherwise. It appears from the evidence that Unternahrer and Baker, as individuals, acquired a lease on a moving picture house at Newport. They organized the Baker Amusement Corporation, subscribing to its capital stock in equal amounts. They each advanced some money toward equipping the theater, and they operated it for about a year and a half under the exclusive management of Baker.

In the meantime, Akers had become a substantial stockholder in the corporation. He and Unternahrer became dissatisfied with Baker's management and offered to sell their interests to him. Baker was either unable or unwilling to buy. They then offered to take over his interest and give him the note in question. At the time they executed the note, they took a release of all Baker's interest in the corporation. They took over the theater and ran it for about four months. They then closed it and sold all of its equipment. In the meantime, they acquired a competing theater next

door. As to what they were trying to accomplish in the deal with Baker appears most clearly from the testimony of one Ewing, who was called as a witness on behalf of Unternahrer and Akers. He testified:

"I could perhaps describe my connection with the company in my own words. If my memory serves me, prior to the signing of the note, Mr. Unternahrer and Mr. Akers visited with me two or three times. I was operating at the theater in Bonners Ferry. They said they were becoming uncommonly short of money here in the Rainbow Theater in Newport. . . . This whole thing wasn't going so good prior to May 5th, and they complained to me that they didn't know what was going on. Q. And they said they wanted to get rid of Baker? A. That was the sum and substance. Q. And they made arrangements to get Baker out of the picture and you were to take over and see if you could salvage their investment in the Rainbow? A. Essentially, that is it."

And Unternahrer testified:

"Q. After May 5, 1938, you and Akers took complete charge of the Baker Amusement Corporation, didn't you? A. Well, yes. Q. And you managed the affairs of the corporation, operated the theater and did everything in connection with it, is that right? A. We had to, yes. . . . Q. And at the time the note was delivered you had them execute the assignment of their interest in the corporation? A. Yes. Q. In other words, they were washed out completely? They didn't have any further interest in the corporation? A. Yes. Q. And you and Akers were the only remaining stockholders, with the exception of your wife, who had one share, is that right? A. That is right."

That a valuable consideration for the note passed from Baker to Unternahrer and Akers, there can be no doubt.

In conclusion, a word of explanation should be made concerning the "set-off and counterclaim" set up in plaintiffs' reply. It was on account of rent paid upon the theater lease which, it will be recalled, ran to Unternahrer and Baker individually. When Baker

Amusement Corporation was formed, they wanted to assign the lease to it, but the landlord refused to release them from their individual obligations under it. However, as between the parties litigant, it is clear that the lease became an asset of Baker Amusement Corporation and that Baker's rights and obligations under it passed to Unternahrer and Akers by the release executed by the former in consideration for the note.

Judgment affirmed.

SIMPSON, C. J., BEALS, ROBINSON, and GRADY, JJ., concur.

'Reported in 139 P. (2d) 626.