Grover, J.
The question in this case is, whether the mode prescribed by section 1, title 7, chapter 177, Laws of 1870 (vol. 1, 179), for determining the compensation to be *377 paid by the city of Albany to the owner of land taken for streets therein, is constitutional and valid.
The section provides that, for this purpose, the “ common council shall nominate twelve discreet and reputable persons, who shall be freeholders of the said city, and in nowise interested in the question of damages and recompense, and the apportionment and assessment thereof, and make application to the Supreme Court, or any judge thereof, or to the recorder of said city, for the appointment of three commissioners from the persons so nominated as aforesaid, and thereupon, the said court, judge or recorder, shall proceed to draw from a box, containing on separate ballots the names of the persons so nominated as aforesaid, the names of three persons, who, unless objected to or challenged on the ground or qualifications, shall be commissioners for inquiring into and assessing and apportioning the damages or recompense of the owner or owners of the property required to be taken; and in case any challenge, which shall be taken as aforesaid, shall be deemed valid by said court, or judge, or recorder, or in case any person so drawn shall fail to qualify, or refuse to serve, another name or names shall be drawn from said box, in place of the persons so challenged and set aside, or fail to qualify or serve.” The section then provides the mode of proceedings of the commissioners, in determining the compensation to be paid for the lands to be taken.
It is insisted by the counsel for the respondent, that this mode of appointment is in violation of section 7, article 1, of the Constitution, and that all proceedings founded thereon are therefore void. That section, among other things, provides : That when private property shall be taken for any
public use, the compensation to be made therefor, when such compensation is not made by the State, shall be ascertained by a jury or by not less than three commissioners, appointed by a court of record as shall be prescribed by law.
When the law provides for ascertaining the compensation to be made by commissioners, section 7 of the Constitution *378 requires that the commissioners shall be appointed by a court of record. In making this appointment, the court is to exercise its judgment in the selection and appointment of such persons as will best secure and protect all the rights and interest of the parties and ensure a just determination of the questions upon which they are to pass. To secure this, the appointment must not only in form be made by the court, but it must be its independent untrammeled act in the exercise of judicial responsibility. It is entirely obvious, that commissioners selected as prescribed by section 1 of the act of 1870 (supra), are not so appointed. The court has nothing to do with the appointment, except to determine the validity of a challenge made to a person whose name is drawn, and in case the challenge is held valid, to draw another name from the box. This is in no sense an appointment by the court, and the persons so selected are not commissioners as required by section 7, article 1, of the Constitution.
The counsel for the appellant insists that if their selection as commissioners in that mode is not valid, still their proceedings should be held valid, for the reason that they should be regarded as a jury and the questions determined by them in that character. It is a sufficient answer to this, that the Constitution provides two tribunals, by either of whch the compensation may be determined, and confers power upon the legislature to determine by which it shall be done in the given case. That in the present case, _the legislature determined that it should be done by commissioners. A jury had therefore nothing to do with it. Had a common law jury been selected and unanimously agreed upon the amount in this case, the proceeding would have been void, for the reason that the statute had not provided for ascertaining the amount in this mode.
The counsel cites Cruger v. Hudson R. R. R. Co. (12 N. Y., 190), for the purpose of showing that the legislature may determine the number of persons required to constitute the jury authorized by section 7 of the Constitution to *379 determine the compensation to be made, and may authorize a majority of the persons constituting the jury to determine the question. It is not necessary to determine these questions in the present case, nor was their determination necessary in giving the judgment in the case cited. The determination of the questions whether the jury authorized by the seventh section must be composed of the same number as the jury specified in section 2 of the same article, and whether a unanimous agreement is not alike essential to the validity of their action, will be reasonably made when necessary to a disposition of the case in which they are involved.
The judgment appealed from must be affirmed, with costs.
All concur.
Judgment affirmed.