Miranda Miller, Plaintiff, v. Thomas J. Reynolds, Defendant.

*Corporations — implied warranty where a person makes a note in the name of a corporation — when the right of action upon such warranty passes to another — where a case is submitted as containing only questions of law the court may decide the facts.*

Where a person makes a promissory note in the name of a corporation he impliedly warrants that he has authority to do so, and, if he does not have such authority, he is liable upon the implied warranty for the damages which have resulted from the breach.

This liability, however, does not accompany the transfer of the note unless the claim arising out of the implied warranty is also assigned to the transferee of the note.

Where a woman demands that such a note, representing part of the purchase price of premises proposed to be purchased of her husband by the maker of the note, be made payable to her as a consideration for the release of her inchoate right of dower in the premises, the husband may be considered as having acted as her agent as well as for himself in the transaction, and the liability upon the implied warranty will in this view inure to her benefit and be available to her.

A person employed by a refrigerator company, as its general manager, with directions to pay himself a reasonable salary, not exceeding $100 per month, and to pay and discharge all indebtedness of the company due to him or upon which he was in any manner liable as surety, does not by such an arrangement acquire any authority to give a note in the name of the corporation upon a purchase by himself of property which is in no manner related to the business of the corporation.

The fact that, at the time when he made the note, the corporation was indebted to him in a greater sum than the face of the note, and that he gave the corporation credit upon its debt to him to the extent of the note, does not alter the rule in a case where the corporation did not assent to this application of the note at the time of the transaction, and subsequently repudiated the note.

Where a case is tried, as presenting questions of law only, the plaintiff moving for the direction of a verdict and the defendant for a nonsuit, and a verdict is directed by the court, the questions of fact in such case must be deemed to have been submitted to the court and to have been decided by it adversely to the defeated party.

Motion by the defendant, Thomas J. Reynolds, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury rendered by direction of the court after a trial at the Monroe Circuit.

*Eugene Van Voorhis,* for the plaintiff.

*E. A. Nash,* for the defendant.

BRADLEY, J. :

In February, 1891, Ransom H. Miller and the plaintiff, his wife, joined in a conveyance to the defendant of certain real estate at the price of $22,000, and as part of the consideration the defendant executed and delivered a promissory note for $6,000, payable to the plaintiff on July 15, 1891, and signed to it the name of "Trotter Refrigerator Company, by T. J. Reynolds, Prest." This action is founded on the charge that the defendant had no power or authority to make the note in the name of or for that company, and to recover as the consequences the damages sustained by the plaintiff. When he made the note there was an implied warranty on the part of the defendant that he had authority to do it for and in the name of the company, and, if he was without authority to do so, he became liable upon such warranty for the damages resulting from the breach. (*Baltzen* v. *Nicolay,* 53 N. Y. 467 ; *Taylor* v. *Nostrand,* 134 id. 108.)

Such liability, however, does not accompany the transfer of a note so made, unless the claim founded upon the warranty is also assigned to the person to whom the note is transferred. *Battle* v. *Coit,* 26 N. Y. 404.) As the title to the land conveyed to the defendant was in Ransom H. Miller up to the time of such conveyance, it is urged that the plaintiff has no right of action upon such implied warranty of the defendant. This objection to her right of action might be effectual if she could have asserted no interest in the land conveyed. But it seems that she declined to join in the conveyance and thus relinquish her inchoate right of dower in the premises, without receiving the consideration expressed in the note, and that it was taken payable to her as the consideration of her execution of the deed of conveyance to the defendant. In making the sale and the conveyance, in which she joined, the husband may be deemed to have acted in behalf of the plaintiff as well as for himself. And, therefore, any liability incurred by the defendant upon such warranty may be deemed to have inured to the benefit of the plaintiff and to have become available to her.

It is insisted on the part of the defendant that he had authority to make the note in the name of the company. This contention is founded upon the fact that he was the president, and had been constituted the manager of the company, and to that end a contract had been made between him and the refrigerator company whereby he was given substantially the entire charge of its business up to January, 1892, with directions to pay from its proceeds a reasonable compensation to himself, not exceeding $100 per month, and to pay and discharge all the indebtedness of the company due to him or upon which he was in any manner liable as its surety. At the time of making the note the indebtedness of the company to the defendant exceeded the amount of such note, and he gave evidence tending to prove that he credited the company with the amount of the note. The purchase of the real property of Miller by the defendant had no relation to the business of the company, and the fact that he gave it credit for the amount of the note did not charge it with liability upon the note without the adoption of such liability by the company. This it did not do, but by the receiver of its property, afterwards appointed, the note was repudiated. It seems quite clear that the defendant derived from the contract before mentioned between him and the company no authority to make the note in question.

The defendant also claims that the note was paid by the transfer made by him to Ransom H. Miller of the property of the company, in part consideration of which Miller agreed to surrender up the note. Barring all right of the plaintiff to withhold the note, it is not seen that the evidence requires the conclusion that Miller made any effectual promise to surrender the note in consideration of such sale or transfer to him. Negotiations with that view were had between them, and a written bill of sale was made by the defendant in the name of the company to Miller of the property of the company at the price of $16,154.33, the amount due from the company to the defendant. After deducting from this the amount of the $6,000 note and interest, there was left a balance of $10,046.33, for which Miller gave the defendant his notes.

In the view taken of the case it is not necessary to determine whether or not the defendant had, under his contract with the company, the right to make the sale which he undertook to make to Miller.

The evidence of the latter is to the effect that the sale and purchase were not to be perfected unless the consent to it was given by certain stockholders of the company, and that they refused to consent to it and advised Miller that the defendant had no right to make it, and that thereupon Miller declined to complete the purchase, refused to deliver the $6,000 note to the defendant, tendered back to him the bill of sale and demanded the surrender of the notes he had made to the defendant.

While there was a conflict in the evidence upon the subject, there was that which permitted the conclusion that the sale of the property of the company as between the defendant and Miller was not perfected by reason of the failure of the condition before mentioned, upon which Miller had agreed to complete the purchase.

The motion for a nonsuit was, therefore, properly denied, and since the case was tried as presenting questions of law only, the counsel for the respective parties having moved for a nonsuit and for the direction of a verdict without requesting the submission of anything to the jury, the question of fact must be deemed to have been submitted to the consideration of the court and to have been disposed of by it, adversely to the defendant, in directing the verdict rendered by the jury. ( *Winchell* v. *Hicks*, 18 N. Y. 558; *Dillon* v. *Cockcroft*, 90 id. 649.)

The amount of damages recovered was warranted by the evidence. And there was no error, to the prejudice of the defendant, in any of the rulings at the trial to which exceptions were taken.

The motion for a new trial should be denied and judgment directed for the plaintiff on the verdict.

LEWIS and WARD, JJ., concurred.

Motion for a new trial denied and judgment directed for the plaintiff on the verdict.