JOHN F. GUENTHER and HELEN GUENTHER, Respondents, *v.* FRANK J. AMSDEN and C. HENRY AMSDEN, Appellants.

*Usury — bankers taking excessive interest contrary to chap. 409 of 1882 — proof of an agreement made more than two years before action brought — the usury may appear from facts and circumstances — variance cured by an amendment of the complaint — when the court may decide the questions of fact.*

Although the provisions of sections 68 and 69 of chapter 409 of the Laws of 1882 limit a recovery for excessive interest, reserved or charged, to a period of two years prior to the commencement of the action, the party paying the usury may show conversations, had more than two years before the action was brought, out of which the agreement to pay excessive interest arose.

Direct evidence as to such agreement is not absolutely necessary; it may be proved by facts and circumstances, and it then becomes a question for the jury whether it was made.

In an action brought under the above statute, it is not improper for the court to grant a motion to amend the complaint so that it may conform with the proof in the particular that, while the proof shows that the notes, upon their face, did not bear interest, the complaint alleges that they were payable, with interest.

Where the defendant does not ask that any questions of fact be submitted to the jury, but upon a denial of his motion for a nonsuit makes a motion to have

the jury instructed that the plaintiff cannot recover upon certain counts of the complaint, which is granted, and thereupon requests the direction of a verdict, it is thereby consented that the court take the questions of fact from the jury and dispose of them.

APPEAL by the defendants, Frank J. Amsden and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 11th day of November, 1896, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 11th day of November, 1896, denying the defendants' motion for a new trial made upon the minutes.

. This is an action to recover twice the amount of the excess of interest paid by the plaintiffs upon the discount of thirty-nine promissory notes described in the complaint, to the defendants, who were private bankers in the city of Rochester, under sections 68 and 69 of chapter 409 of the Laws of 1882, which permits a recovery for knowingly taking, reserving or charging a rate of interest exceeding six per cent.

The action was tried at the Monroe Circuit in May, 1896. The defendants gave no evidence, but moved for a nonsuit at the close of the plaintiffs' case, and the plaintiffs asked for the direction of a verdict, and the court directed a verdict for the plaintiffs of $925.68, being twice the amount of the excess of interest reserved and charged by the defendants upon all the notes except the first eight, the claim to recover on those having been abandoned by the plaintiffs. A motion for a new trial was made by the defendants upon the minutes, which was denied, and, upon the judgment entered upon the verdict and from the order denying said motion, the defendants appeal. Other facts appear in the opinion of the court.

*H. H. Woodward*, for the appellants.

*Edwin McKnight*, for the respondents.

WARD, J.:

The points made to secure a reversal of this judgment that we deem important to consider are that there was not sufficient evidence of the usurious agreement; that the court erred in permitting the amendment of the complaint in regard to several of the causes of

action stated in the complaint, upon which the plaintiffs recovered, so as to conform to the proof in the respect that, whereas, the notes upon their face did not bear interest, the allegation in the complaint was that they were payable, with interest; that the court erred in permitting the plaintiffs to give evidence of transactions and conversations that occurred more than two years prior to the commencement of the action, and that the loans to the plaintiffs were to them separately, and not jointly, in some of the cases, and there could not be a joint recovery by them upon all the causes of action.

The action was commenced the 29th of October, 1894. Under the statute cited, there could be no recovery for the excess of interest reserved or charged more than two years prior to the commencement of the action.

There were thirty-nine causes of action set out in the complaint — upon that number of promissory notes, in each of which it was charged that the defendants had knowingly reserved and charged the plaintiffs, in excess of the legal rate of interest of six per cent per annum taken in advance, a sum specified. The loans in the first eight causes of action occurred more than two years before the commencement of the action, and no recovery was had upon them, but the original agreement to make this series of loans occurred more than two years before the action was commenced, and proof of that fact and the conversations with relation thereto form the basis of one of the exceptions referred to above. This exception is without merit, because the proof was given for the purpose of proving the usurious character of the transaction and to bring it within the statute upon which the action was brought, and was pertinent to show what was the real character of the loans that had been made within the two years prior to the commencement of the action. The motion to amend the complaint by conforming it to the proof was properly granted under section 539 of the Code of Civil Procedure. A variance between the pleadings and the proof given upon a trial is not a fatal defect under the present system of practice. A variance is not material unless it has actually misled the adverse party to his prejudice. This is the statutory test by which the materiality of the variance is to be determined. If a party insists that he has been misled, that fact and the particulars in

which he has been misled must be proved to the satisfaction of the court; thereupon the court may, in its discretion, order the pleadings to be amended upon such terms as it deems just. Without such proof the variance is deemed immaterial, and no amendment is necessary. (Baylies' Tr. Prac. 212, and cases cited; *Catlin* v. *Gunter*, 11 N. Y. 368.)

And while, perhaps, our courts are not so liberal in granting amendments in cases involving usury, the court has the power to grant amendments in such cases, and frequently does so, especially in cases where a variance exists between the pleadings and the proof as in the case at bar. (*Catlin* v. *Gunter, supra.*)

Upon the trial in the court below the defendants did not claim that they were misled in this regard; at least they made no proof upon the subject.

Upon the questions of fact our inquiry is limited to ascertaining whether there was sufficient evidence before the trial court upon which it had a right to find in the plaintiff's favor. The defendants did not ask to submit the questions of fact to the jury, but moved to nonsuit the plaintiff, and, when that was denied, asked that the jury be instructed that the plaintiff could not recover on the first eight counts, and those counts were stricken out; the plaintiff thereupon requested the direction of a verdict, and under such a state of facts the parties consented that the court should take the questions of fact from the jury and dispose of them. (*Dillon* v. *Cockcroft*, 90 N. Y. 649; *Miller* v. *Reynolds*, 92 Hun, 400; *Cohen* v. *Moshkowitz*, 39 N. Y. Supp. 1084.)

The plaintiffs gave evidence to the effect that they made jointly the application for the loans, and that the defendant to whom it was made said that he would charge them five or six dollars shave; that all the notes upon which interest was recovered were the joint notes of the plaintiffs, and in each of them, except one note, it was stated, " we promise to pay," and that one had the same form as the others and was for $300, and was signed by the plaintiff Helen Guenther alone, but that note was paid, as were all the others, out of money raised from a mortgage of $4,000, executed by both of the plaintiffs jointly after all the loans had been made. During the time the money was being loaned the defendants required security of the plaintiffs for the payment of the notes,

and they executed jointly their bonds and mortgages, first, one of $1,000 and then one of $2,000. There was a bank book kept between the parties, and it was in the name of John F. Guenther, but that was done upon the request of the plaintiff Helen, as she said that she could not read or write. . While the money was being loaned, and at the time the $2,000 mortgage was given, the husband complained to the defendant who did the business for the firm that the defendants were charging the plaintiffs too much interest. The defendant replied that he did not charge more than other brokers, not more than five or six dollars on a hundred. The loans upon which the excess of interest was recovered commenced November 12, 1892, and stretched along until January 13, 1894. All the notes were on three months' time. Eleven of them bore interest on their face and the others were not payable with interest; largely excessive interest was taken and reserved on every note.

A few samples of the excess of interest may be given. No. 10, amount $275, three months without interest, discount, $18 ; excess, $13.35. No. 16, $400, three months without interest, discount, $20 ; excess, $13.80. No. 31, $800, three months with interest, discount, $40 ; excess, $40.

The total excess of interest on the thirty notes when doubled created the amount of $925.68, for which the verdict was directed.

There was an abundance of evidence to justify the decision of the court as to the usurious character of these loans, and that this excess was charged and reserved knowingly by the defendants. Direct evidence as to the usurious agreement is not absolutely necessary. It may be proved by facts and circumstances, and then it is a question for the jury. (*Catlin* v. *Gunter, supra.*)

The bank book afforded evidence of the amount of discounts which enabled the court to ascertain the excess of interest reserved.

The statute under which this action was brought is founded upon a wise policy to protect the public against the extortions of moneyed institutions. A business man running a line of discounts at a bank and depending upon its aid to carry on his business, is often placed where he must submit to whatever terms the banker chooses to impose upon him, and but for legal restraint these terms would be only limited by the cupidity of the bankers themselves, and this

law should be enforced by the courts in all proper cases, this being clearly one of them.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.