(37 App. Div. 521.)

## THILL v. HOYT et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—EVIDENCE.

Proprietors of a theater wrote an actress that a certain part would not be filled until giving her a trial, and, if she played it satisfactorily, a certain salary would be paid, stating what costumes were required. The actress replied that she was satisfied, and would be ready for rehearsals when notified, and the manuscript of the part was mailed to her. She then saw one of the proprietors, who told her a certain person had charge, and, on seeing this person, he informed her that there was some misunderstanding, but, after going into the proprietors' office, he came back, and told her it was all right, and the part was hers. Nothing was said concerning the duration of her employment. *Held*, that there was a mere agreement to give the actress a trial, and to employ her for no definite period if satisfactory.

2. PLEADING—VARIANCE—NONSUIT.

Under Code Civ. Proc. § 481, requiring the complaint to state the facts constituting the cause of action, and section 723, authorizing the court to permit an amendment at any stage of the action which does not substantially change the claim, a nonsuit should be granted where plaintiff has proved a different cause of action than the one alleged, and no amendment is asked or ordered.

Appeal from trial term, New York county.

Action by Marie Thill against Charles H. Hoyt and another. There was a judgment for plaintiff for nominal damages, and from an order denying a new trial she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Robert L. Turk, for appellant.
A. H. Hummel, for respondents.

McLAUGHLIN, J. This action was brought to recover damages for an alleged breach of a contract of employment. The answer was a general denial. At the close of the trial, the court directed a verdict in favor of the plaintiff for nominal damages, and the principal question presented arises on plaintiff's exception to the refusal to grant a new trial. After a careful consideration of the record before us, we are of the opinion that the exception was not well taken. The complaint alleged "that on or about the 17th day of July, 1895, at the city of New York, the defendants entered into an agreement by the terms of which they agreed to employ the plaintiff for the theatrical season of 1895–1896, consisting of about forty weeks, at a weekly salary of thirty dollars." To establish the contract thus alleged, the plaintiff upon the trial testified that on the 19th of July, 1895, she received a letter which read as follows:

"Hoyt's Theater. Hoyt & McKee, Proprietors.

"Miss Marie Thill—Dear Madame: Your letters and photos received. I told Mr. Dickson that I would not fill the part without giving you a trial. The dresses required will be three in number,—act 1st, pretty street dress; 2d and 3d acts, house dress, demimorning. We shall probably call rehearsals about the 20th of August. I understand from Mr. Dickson that the salary was to be $30 a week, which is satisfactory if you play the part all right.

"Yours, truly,      Chas. Hoyt."

—And to which she replied that she was satisfied with the "part," and that she would be in New York for rehearsals when notified. She also testified that the first conversation she had with the defendants relating to the subject-matter of her employment was on the 8th of August, 1895, when she saw the defendant Hoyt, and was informed by him that Mr. Goodwin had full charge of her part; that she then saw Mr. Goodwin, who informed her that there seemed to be some misunderstanding about the part she was to have; and that he then went to Mr. Hoyt's office, and, after remaining there a few minutes, came back, and said, "It is all right; the part is yours." She further testified that the manuscript of the part she was to play had been forwarded to her prior to the interview just referred to, with a letter signed by Mr. Goodwin; that on August 27th she went to the defendants' theater, and had a conversation with Mr. Mitchell, the stage manager, in which he told her that he had been directed by the defendants to say to her that Mr. McKee while away had engaged some one else for the same part that Mr. Hoyt had engaged her for, and that she "had better" see Mr. Goodwin; that she thereupon saw Mr. Goodwin, who said he had been directed by the defendants to give her a check for $30, which she refused; that she again saw Mr. Mitchell, and he said there was nothing he could do for her; that she attended a rehearsal either that night or the next, and Mr. Mitchell then informed her that the defendants could not give her the part she had been engaged for, but that they would give her a minor part, for which they were paying $18 per week, but they would pay her $30, the same as they had agreed to pay for the other part. This she refused to accept, and instituted this action to recover for 40 weeks' services, at $30 per week, and $200 for three gowns, which she had purchased in anticipation of performing the part referred to.

The foregoing is substantially the plaintiff's evidence as to the making of the contract alleged, except that she testified, in answer to a question propounded by the court, that nothing was said or written to her concerning the duration of her employment. The most favorable view that can be taken of the evidence is that the defendants agreed to give her a trial, and, if she performed her part satisfactorily, to employ her, not for the theatrical season of 1895-96,—40 weeks,—or any other definite time. There was therefore a failure to prove the cause of action alleged, and for that reason the defendants' motion to nonsuit should have been granted.

Code Civ. Proc. § 481, requires that the complaint must contain a plain and concise statement of the facts constituting the plaintiff's cause of action, the object of which is to notify the defendant in advance of the issues to be tried, in order that he may properly prepare his defense. The Code also requires that pleadings must be liberally construed, with a view of substantial justice between the parties, and to that end power is conferred (section 723) upon the court to permit an amendment at any stage of the action, and, where the amendment does not change substantially the claim or defense, to conform the pleadings to the proof. Here, as we have seen, the plaintiff failed to prove the cause of action alleged in her complaint, and no request was made to amend her complaint or to conform it to

the proof. In Southwick v. Bank, 84 N. Y. 420, it is said that, where the plaintiff has failed to prove the cause of action he has alleged, and the defendant takes proper objection thereto, and an amendment of the complaint is neither asked for nor ordered, a judgment in plaintiff's favor upon another cause of action, not alleged, cannot be sustained on appeal. The question of the sufficiency of this complaint to entitle the plaintiff to recover, under the proof offered, was raised by defendants' motion to dismiss it at the close of the testimony, yet, as we have seen, no amendment was either asked for or granted. The plaintiff did not even except to the direction of a verdict in her favor for nominal damages, or request that any question of fact be submitted to the jury. The plaintiff should have been nonsuited, and, as the judgment obtained was a more favorable one than she was entitled to, she is not in a position to complain.

It therefore follows that the order appealed from must be affirmed, with costs to the respondents. All concur.