FINNEGAN v. ANDREW J. ROBINSON CO.

(Supreme Court, Appellate Division, Third Department. January 15, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—INSTRUCTIONS—APPLICABILITY TO ISSUES.

Where, in an action for injuries to a servant engaged in the construction of a building by being struck by a tile falling from above, the only negligence charged was want of care in furnishing plaintiff with a safe place to work, a refusal to charge that defendant was not liable for the actual falling or cause of the starting of the tile was error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1136.]

Appeal from Trial Term, Broome County.

Action by James Finnegan against Andrew J. Robinson Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

The defendant corporation, a contractor, was constructing a 10-story building. Plaintiff was in the service of the defendant and at work on the seventh floor of said building. Work was also being performed on one or more of the floors above. In each of the various floors were openings directly over each other. Over the opening in the seventh floor there were temporarily placed plank to support a barrel of water filled by a pipe which came up from below. Plaintiff in the performance of his duties was procuring a pail of water from said barrel when a brick tile fell from above, and severly injured him. A judgment in his favor because of the alleged negligence of the defendant is now before us for review.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank Stewart and L. Sidney Carrere, for appellant.
Baker & Sessions (Harvey D. Hinman, of counsel), for respondent.

COCHRANE, J. The judgment must be reversed because of an error in the charge. The only negligence alleged in the complaint is

a failure of the defendant to furnish a reasonably safe place, in that the opening above the plaintiff was not covered or properly guarded or protected. That this was the only ground of negligence was recognized by the trial justice, and he at first properly instructed the jury that:

"The sole negligence or want of care on the part of the defendant as claimed by the plaintiff is a want of reasonable care and caution in furnishing the plaintiff with a fairly suitable and safe place in which to perform his work."

But he afterwards further instructed them that they were to be diligent in ascertaining, not only the cause of the fall of the tile, but also the character and manner in which it was projected from above, and told them in the same connection that they had "the right to examine the evidence, and look at it carefully to see whether there was any carelessness on the part of the defendant corporation." Such instruction was correct as bearing on the question of the safety of the place where plaintiff was injured, and for the purpose of enabling the jury to determine how the accident occurred, and whether it was due to the failure to provide a safe place. The jury had no right, however, under the complaint to predicate negligence on the cause, character, or manner of the projection of the tile.

Defendant's counsel subsequently requested the court "to charge as the law in this case that the defendant was not liable for the actual falling or cause of the starting of the brick or tile." This was refused and the court said, "I leave it for the jury to say what the fact was, if any fact." This was the final instruction of the court to the jury on this subject, and defendant's exception thereto presents an error which cannot be overlooked. It is very clear that the jury under this charge of the court may have based their verdict on facts pertaining solely to the dropping or projection of the tile, and without any reference to the failure of defendant to cover or protect the opening. The two grounds of negligence are widely divergent, and, without reference to the evidence, it is sufficient to say that, if the defendant is to be held liable, it must be in accordance with the allegations of the complaint. The rule applies that a recovery must be secundum allegata et probata.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; KELLOGG, J., in result.