THOMAS H. LYNCH, Plaintiff, *v.* FRED H. CRONK, Defendant.

(County Court, Oneida County, July, 1915.)

Evidence.— failure of proof — damages — negligence — when motion for new trial granted.

> Where a complaint alleges that a wanton and malicious injury to the real property of plaintiff was caused by the defendant " turning on " the water in the upper apartments therein in such volume as to flood them, and the evidence in support of plaintiff's case seems to establish with reasonable certainty that the water was not turned on but that the injury complained of was caused by permitting the waste water from defendant's refrigerator to overflow, it is error to dismiss at the close of plaintiff's case that part of the complaint dealing with the damage caused by the overflow because of a failure of proof.
>
> That as the evidence might warrant an inference that the overflow of the water was not a matter of negligence but that defendant intentionally caused it to run through the floor thereby injuring the ceiling underneath, which if proven would

entitle plaintiff to recover notwithstanding the allegation of the complaint that the water was "turned on," plaintiff's motion for a new trial after a verdict for defendant will be granted.

THE COMPLAINT in this action alleged a wanton and malicious injury to the real property of the plaintiff, caused, as stated in the complaint, by the defendant turning the water on in the upstairs apartments in such volumes as to flood such apartments. Plaintiff's proof upon the trial seemed to establish with reasonable certainty that the water was not "turned on," but that the injuries complained of were caused by permitting the waste water of the refrigerator to overflow. At the close of the plaintiff's case motion was made to dismiss that part of the complaint dealing with damage caused by the overflow, upon the ground that there had been a failure of proof, and the motion was granted. The remaining cause of action was tried out resulting in a verdict for defendant. At the close of the case a motion was made by plaintiff for a new trial, which motion was entertained, and it is that motion which now comes up for decision.

M. H. Powers, for plaintiff and motion.

H. C. Wiggins, for defendant, opposed.

HAZARD, J. The Code provisions involved in this case are found in sections 539, 540 and 541. In the first section it is provided that a variance between pleading and proof is not material unless it is actually misleading to the adverse party which fact must be proved to the satisfaction of the court. Section 540 provides that where the variance is not material the court may direct the verdict to be found according to the evidence, or may order an immediate amendment. Section 541 provides that where the allegation to

which the proof is directed is unproved, '' not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, within the meaning of the last two sections, but a failure of proof.''

In this case the plaintiff seems to have claimed that the damage sustained by his property was caused by the turning on of a certain faucet. He made no request to amend his complaint, nor did defendant submit any proof that he had been misled. The question is thus presented as to whether the allegation that the injury was caused by '' turning on '' of water may under section 541 be deemed a failure of proof. Many cases are cited, both in support and opposed to the contention, but after considering them, and others, and extended deliberation, I am convinced that the ruling dismissing that part of the complaint was erroneous. The '' entire scope and meaning '' of the complaint, or as it is sometimes called the gravamen of the action, was an injury to real estate, caused by maliciously permitting water to flow through the ceiling of the plaintiff's house. Whether that flowing was caused by an act of omission or commission (providing it was deliberate and intentional), is, I think, immaterial. The '' scope and meaning '' of the complaint charges the defendant with intentionally damaging plaintiff's property. It is true it goes further, and further than was necessary, and alleges that it was done by the '' turning on '' of water. This, as pointed out, deals only with the *means employed,* and does not go to the gravamen of the action. In other words, whether water was '' turned on '' from a faucet and permitted to overflow, whether it was caused by the overflow of a refrigerator, or whether it might have been poured upon the floor from a pail, is quite immaterial. If the defendant wantonly and deliberately did either of

those things, he was liable, and the cause of action, or the gravamen, or the " scope and meaning " of the complaint would be the same in either or any similar case.  Plaintiff in his brief cites an illustration which is much in point: that if an action were brought for cutting down and removing the hay from a certain field, the property of plaintiff, and it was alleged that the defendant had done said cutting with a mowing machine, whereas the proof showed he had done it with a scythe, the nature of the action, the gravamen, or the " scope and meaning " of the action would be the same; in other words, it would be an immaterial variance which should have been cared for as provided by section 540 of the Code.

In *Robinson* v. *Wheeler*, 25 N. Y. 259, it was held: That when the complaint alleged that the burning of a woodshed on plaintiff's premises was caused by an intentional act of defendant (a tenant), plaintiff might recover on proof showing merely that the fire was caused by the defendant's negligence.  The decision rests apparently upon the theory that the gravamen of the action was waste, and that it was immaterial by what particular act the waste occurred.  See, also, *Stilwell* v. *Zinsser*, 6 N. Y. St. Repr. 10.  The *Robinson* v. *Wheeler* case is cited with approval in *Bedford* v. *Terhune*, 30 N. Y. 460.  In that case plaintiff was permitted to amend his complaint to conform with the proof that defendant held under a lease, where the complaint had originally alleged a cause of action for use and occupation, the court holding it did not amount to a failure of proof.

An illuminating case in point is *Place* v. *Minster*, 65 N. Y. 89.  The complaint was for obtaining goods by means of fraud.  It appears that the proofs tendered " did not tend to establish the fraud in the precise form in which it was alleged."  It was held (p. 98),

that the difference " does not present a case where the cause of action is ' unproved in its entire scope and meaning,' * * * but that it is rather a variation of detail, or in the mode in which the *fraud is carried into effect.*" Incidentally, it also holds (p. 99), that, without proof *aliunde* of surprise, the variance must be treated as immaterial.  See, also, *Guenther* v. *Amsden,* 16 App. Div. 607; *Catlin* v. *Gunter,* 11 N. Y. 374.

It is undoubtedly true that, where the cause of action proved differs substantially from the cause of action alleged, the plaintiff cannot be permitted to recover upon an entirely different cause of action. *Thill* v. *Hoyt,* 37 App. Div. 521.  It is also true that it is the province of the complaint to inform the defendant concisely and accurately with what he is charged. *Southwick* v. *First Nat. Bank of Memphis,* 84 N. Y. 429.  Still, however, we must I think keep in mind the distinction between a mere variance in some detail and an *actually different cause of action.*  That was illustrated in the case last cited, where it was said that " such an amendment would change substantially the claim of the plaintiff as alleged."  An illustration is found in the case of *Coverly* v. *Terminal Warehouse Co.,* 70 App. Div. 82, where plaintiff complained on a contract under seal, and it was held that he could not recover on an oral contract.  In *Rosenfield* v. *Central Vt. R. R. Co.,* 111 App. Div. 371, complaint was against a common carrier upon an alleged contract, whereas the recovery was based solely upon the common law liability.  It is intimated at least that had a motion to amend been made at the trial the defect might have been treated as a variance and the amendment granted, but that as the matter stood the cause of action was unproved.  It might have been inferred from this case that it is the duty of the plaintiff to request an amendment, but I do not find any case

specifically so holding. In *LaRue* v. *Smith,* 153 N. Y. 428, suit was brought for certain specified acts of trespass. These seem to have not been proven, but it was claimed that the plaintiff might recover for another proven trespass. The court says: "The action was clearly based upon a specific act committed at a designated time and place, and it was not a legal error, of which the plaintiff can complain, for the referee to refuse to permit a recovery for another act of an entirely different character, committed a year before and which was not stated in the complaint as a cause of action." In *Gordon* v. *E. & K. R. R. Co.,* 195 N. Y. 137, it is held that plaintiff, having alleged trespass, cannot recover for negligence, the court remarking: "If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary."

I think it is a fair summary to be drawn from all of the cases cited, and many others examined, that the variance between the pleading and proof must be of a more substantial nature than that in the case at bar to amount to a failure of proof; it must go to the very nature of the action, or to the *result accomplished,* rather than to the mere detail of the method of accomplishing that act. An illustration is to be found in the familiar rule that one cannot allege upon a contract and recover in tort, or *vice versa.* In such cases there is a "failure of proof."

A different rule seems to obtain in negligence actions, where the plaintiff is held strictly to the allegations of the complaint. *Scheu* v. *Union R. Co.,* 112 App. Div. 239; *Woolsey* v. *Village of Ellenville,* 69 Hun, 489; *Finnegan* v. *Robinson Co.,* 124 App. Div. 117. The reason for this rule in negligence cases is clearly apparent, because there the *act,* " the proxi-

mate cause," is the very point at issue, while in an action for malicious injury to property, as I have endeavored to point out, the act or means employed, or the particular method of employing those means, is quite immaterial, the result only and the responsibility therefor of the defendant being material.

The evidence in the case at bar might warrant the inference that the overflow of the water in question was not a matter of *negligence,* but of *intention,* and that is the " scope and meaning " of the complaint: — that defendant intentionally caused water to run through the floor thereby injuring the ceiling underneath. If it can be proven to the satisfaction of the jury that such is the case, the plaintiff is undoubtedly entitled to recover, notwithstanding that he may have alleged that the water was " turned on," whereas the result complained of, the effect produced, the injury to the ceiling, might have been caused by the defendant wantonly, but by some other particular method.

The motion must, therefore, be granted.

On the subject of costs, I think plaintiff should have requested leave to amend his complaint. He had defendant in court on a charge of doing a certain thing in a certain specified way, and was utterly unable to substantiate his charge. He saw fit to stand upon his complaint, which contained the error pointed out, and insists that he was entitled to recover thereunder. The purport of this decision is that there should have been an amendment of the complaint allowed, and possibly that should have been done even without a request on his part. However, as his position was practically controlling in producing the decision made, I think that the relief which he now asks should be granted without costs.

Ordered accordingly.