### PAIN v. HOLTCAMP et al.

(Circuit Court of Appeals, Eighth Circuit. December 9, 1925. Rehearing Denied February 13, 1926.)

No. 6903.

**Principal and agent ☞155(4)—Party signing negotiable instrument as agent without authority held liable thereon.**

Negotiable Instruments Act, § 20 (Rev. St. Mo. 1919, § 807), changes the common-law rule as to liability of a person who executes note on behalf of principal without authority, and makes him liable on the instrument if he executes it in name of his purported principal without authority to do so.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Action at law by Charles W. Holtcamp and others against Henry J. Pain. To review an order dismissing the complaint, plaintiff brings error. Reversed and remanded.

Thomas D. Cannon and R. M. Nichols, both of St. Louis, Mo., for plaintiff in error.

E. W. Banister, of St. Louis, Mo. (Carter, Nortoni & Jones, Henry S. Caulfield, Edwin W. Lee, and Banister, Leonard, Sibley & McRoberts, all of St. Louis, Mo., on the brief), for defendants in error.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Henry J. Pain, hereinafter called plaintiff, brought this action upon a promissory note against Charles W. Holtcamp, Oliver H. P. Grundon, and Menzer F. Doud, hereinafter called defendants.

The complaint, among other things, alleged that the defendants, claiming and purporting to act as the agents of the Nation's Birthday Association, a corporation, made, executed, and delivered to the plaintiff a promissory note, dated November 3, 1913, for the principal sum of $3,450, bearing interest from February 1, 1917, at 8 per cent. per annum; that the defendants signed said note, "Nation's Birthday Association by Charles W. Holtcamp, President, Oliver H. P. Grundon, Treasurer, and Menzer F. Doud, Secretary;" and that the defendants were not

authorized to execute said note for and on behalf of said corporation, and by reason of such lack of authority became liable upon said note as makers thereof.

To the complaint, the defendants interposed a demurrer which was sustained. The plaintiff stood upon his complaint, and the same was dismissed. From the order of dismissal this writ of error was sued out.

Prior to the adoption of the Negotiable Instruments Act, in Missouri and in a majority of the jurisdictions of this country, a person who executed a note, purporting to act in behalf of a principal, but without authority to bind the principal, was not liable upon the note, unless it contained apt words to bind him personally; but the remedy against him was an action for breach of implied warranty or an action for deceit, according to the facts of the case. 2 C. J. 806, § 479.

At the time the note in question was executed, the Uniform Negotiable Instruments Act had been adopted and was in force in Missouri. Section 20 of the act (section 807, Rev. St. Mo. 1919) provides:

"*Agents, When Not Liable.*—Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

Plaintiff contends that section 807, supra, changed the common-law rule. Defendants contend otherwise. Plaintiff's contention finds support in the following authorities: Ryan v. Hebert (R. I.) 124 A. 657; Austin Nichols & Co., Inc., v. Gross, 98 Conn. 782, 120 A. 596; Brannan, Neg. Inst. Law (3d Ed.) § 20, p. 69; Selover on Neg. Inst. Law (2d Ed.) § 24, p. 31; Crawford's Ann. Neg. Inst. Law (4th Ed.) § 20, p. 52.

Mr. Crawford, in his book (Negotiable Instruments Law [4th Ed.] § 20, p. 52), says:

"In the original draft submitted to the Conference of Commissioners on Uniformity of Laws this section read as follows: 'Where a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument; but the mere addition of words describing him as an agent, or as filling a representative character, does not exempt him from personal liability. In

determining whether a signature is that of the principal or of the agent by whose hand it is written, that construction is to be adopted which is most favorable to the validity of the instrument.' This is the English rule, and was the rule in New York prior to the statute. Under that rule a person signing for or on behalf of a principal was not liable *on the instrument,* notwithstanding he had no authority to bind his principal. There was an implied warranty on his part that he possessed such authority, and if he did not, he became liable upon such warranty for the damages resulting from the breach. Miller v. Reynolds, 92 Hun, 400, 36 N. Y. S. 660. But no action could be maintained against him on the instrument, when by its terms it did not purport to bind him. And his liability upon the implied warranty did not accompany the transfer of the instrument, unless the claim founded upon the warranty was also assigned to the person to whom the instrument was transferred. Id. The effect of the section, as it now stands, is, probably, to permit the holder to sue the agent on the instrument, if he was not duly authorized to sign the same on behalf of the principal."

In Austin, Nichols & Co., Inc., v. Gross, supra, the court said:

"Section 20 (G. S. § 4378) was copied from the German Exchange Act, and some of its provisions are a departure from the prevailing rule in this country. This section has been subjected to severe criticism, but it has outlived it, due to the fact that the business world approves of it because it increases the negotiability of commercial paper and simplifies the proof in the recovery. Article by Charles L. McKeehan, published in Brannan's Negotiable Instrument Law. * * *

"This section covers at least five classes of cases:

"(1) Where one adds to his signature to a negotiable instrument words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized.

"(2) By necessary implication from this statute, as Mr. Crawford and Prof. Brannan have pointed out in their works on the Negotiable Instruments Law, it follows: Where one adds to his signature to a negotiable instrument words indicating that he signs for or on behalf of a principal or in a representative capacity, he is liable on the instrument if he was not duly authorized.

"(3) Where one adds to his signature to a negotiable instrument words describing him as an agent, or as filling a representative character without disclosing his principal, he will be personally liable.

"(4) By necessary implication it follows: Where one adds to his signature to a negotiable instrument words describing him as an agent or as filling a representative character, and does disclose his principal, he will not be personally liable.

"(5) Where the negotiable instrument contains words indicating that one has signed it for or on behalf of a principal, or in a representative capacity, he is not liable if he was duly authorized."

We believe that it was the purpose of the framers of the Uniform Law to change the common-law rule above referred to, and to make the person liable on the instrument if he executed it in the name of his purported principal without express or general authority to do so. Such a rule affords a remedy to subsequent holders as well as to the original payee. The procedure for its enforcement is more simple. Under it the actual damages are more readily proven. All this adds to the negotiability of commercial paper.

Such being our conclusion, it follows that the complaint was good against the demurrer, and the defendant should have been required to answer. Reversed and remanded.