VIENNESE MELODY, INC., Respondent, *v.* MAJESTIC REFRIGERATOR CORP., Appellant.

First Department, December 18, 1951.

*Selig Kaplan* of counsel (*Edward H. Freiberger,* attorney), for appellant.

*Lewis Herman* for respondent.

COHN, J. Defendant installed an air conditioning system in plaintiff's restaurant with the understanding that it was to be in good working order. Part of the purchase price was paid in advance and plaintiff agreed to make deferred payments of the balance.

Notwithstanding that defendant for approximately a year after the installation endeavored on numerous occasions to have the cooling system function, it did not succeed in doing so. To avoid a loss in its restaurant business, plaintiff finally called in another air conditioning firm which made extensive repairs and replacements.

In its complaint the only damage pleaded was the loss of business and good will resulting from plaintiff's inability to furnish its customers with cool and comfortable surroundings. No attempt was made on the trial to prove such injury. The trial court, however, over objection of defendant, admitted evidence as to the repairs and the cost thereof to plaintiff. Defendant rebutted such evidence. That issue was therefore fully litigated.

Thereafter the trial court rendered its decision awarding plaintiff the amount of the expenses incurred in having the necessary repairs and replacements made. It was held, too, that plaintiff was not required to pay the balance of the purchase price due to defendant for the air conditioning system.

There is clearly no basis for the cancellation of the indebtedness due defendant from plaintiff which constitutes the balance of the purchase price of the air conditioning system, plaintiff having retained the plant and having failed to offer to return the machine.

The award to the plaintiff for the repairs is not excessive. All of the repair work is directly traceable to the fault of the defendant. The wear and tear on certain parts of the equipment did not result from the ordinary use of the machinery, but from the many futile attempts to make it operate suitably.

At the conclusion of the trial though plaintiff moved to conform the pleading to the proof, the trial court denied the motion. In the circumstances we think that motion should have been granted. (*Guenther* v. *Amsden*, 16 App. Div. 607, 609, affd. 162 N. Y. 601.) Accordingly, the award of $1,200 as damages for the reasonable value of repairs necessarily made was proper.

The judgment should be modified, with costs to appellant, by eliminating therefrom the provisions relating to the cancellation of plaintiff's indebtedness to defendant, and as so modified, the judgment should be affirmed. Settle order containing appropriate findings in accordance herewith.

GLENNON, J. P., DORE, CALLAHAN and SHIENTAG, JJ., concur.

Judgment unanimously modified by eliminating therefrom the provisions relating to the cancellation of plaintiff's indebtedness to defendant and, as so modified, affirmed, with costs to the appellant. Settle order on notice containing appropriate findings in accordance with the opinion herein.