HARRY T. YARDLEY, Appellant, v. HARRY B. ROSENBLUM et al., Doing Business as GEORGE C. DEWEY & Co., et al., Respondents.— All concur. (Appeal from a judgment for defendants for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

ERNEST SCHELPER, Respondent, v. HARRY B. ROSENBLUM et al., Doing Business as GEORGE C. DEWEY & Co., et al., Appellants.— All concur. (Appeal from an order granting plaintiff's motion to set aside the verdict of a jury in favor of defendants for no cause of action, and for a new trial, in an automobile negligence action.) Present — Taylor P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

FREDERICK M. JONES et al., Respondents, v. WALTER S. COOKINHAM, Appellant.— All concur. (Appeal from a judgment for plaintiffs in an automobile negligence action. The orders are (1) the order entered on the minutes denying defendant's motion for nonsuits and dismissal of the complaint, and (2) the order denying defendant's motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

HELEN GILFILLAN, Appellant, v. SAMUEL ELMAN, Respondent.— All concur. (Appeal from an order granting defendant's motion to set aside the verdict of a jury in favor of plaintiff, and for a new trial, in an action for breach of contract of employment.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

ANDREW DABROWSKI, Respondent, v. LOTTIE DABROWSKI, Appellant.— Memorandum: Inasmuch as the parties elected to depart from the issues as made by the pleadings and to try other issues relating to the merits of the controversy, including the counterclaim, we feel that the Referee should have granted plaintiff's motion to amend the pleadings to conform to the proof (*Viennese Melody* v. *Majestic Refrigerator Corp.*, 279 App. Div. 243), and should also have dismissed the counterclaim. In our opinion, the evidence establishes that the down payment made upon the purchase price of the premises in suit consisted solely of funds derived by the defendant from the surrender of insurance policies carried by her upon the lives of her stepchildren and that these moneys were entrusted by her to the plaintiff for the purpose of making said down payment. We have examined the numerous errors assigned by defendant's counsel, and find they are without merit except as above indicated. All concur. (Appeal from part of an interlocutory judgment for plaintiff in a partition action; also appeal from order of Monroe Special Term, WARNER, J., referring the case to the Official Referee.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.